(Decided 18th June, 1879.)

---

EMERSON ROKES *vs.* THE AMAZON INSURANCE COMPANY OF CINCINNATI.

*Fire Insurance Policy—The word Immediately—What constitutes a Waiver by the Insurer of Preliminary Proofs of Loss—Estoppel—Construction of a Clause in a Fire Insurance Policy.*

The word "immediately" as used in a fire insurance policy which required that proofs of loss should be furnished in writing immediately after the fire, means within a reasonable time, and what is a reasonable time must of course depend upon the facts and circumstances of each particular case.

Preliminary proofs of loss are required for the benefit solely of the insurer, in order that he may ascertain the nature, extent and character of the loss; and the condition in the policy in respect thereof, being inserted for his benefit, there is no reason why he may not waive or extend the time within which such proofs are to be furnished. Nor is it necessary to prove an express agreement to waive; on the contrary, it may be inferred from the acts and conduct of the insurer inconsistent with an intention to insist upon the strict performance of the condition.

Estoppel, as an element in connection with a waiver of preliminary proofs of loss, means where the insurer knowing that the proofs have not been furnished within time, so bears himself thereafter in relation to the contract, as fairly to lead the assured to believe that he still recognizes the policy to be in force and binding upon him.

Rokes *vs.* Amazon Ins. Co.

A clause in a fire insurance policy that provided: "no waiver or modification of any of the terms or conditions of this policy, shall be made in any event," referred to those conditions and provisions of the policy, which entered into and formed a part of the contract of insurance, and were essential to make it a binding contract between the parties; and which were properly designated conditions, and it had no reference to those stipulations which were to be performed after a loss had occurred, such as giving notice and furnishing proofs of loss.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. The sixth clause of the policy of fire insurance therein mentioned, provided as follows:

In case of loss, the assured shall give immediate notice thereof in writing, and shall immediately thereafter render to the company a particular account of said loss in writing under oath, stating the time, origin and circumstances of the fire, the occupancy of the building insured or containing the property insured, other insurance, if any, and copy of the written portion of this policy, and copies of all other policies, the whole value and ownership of the property immediately preceding the loss, and the amount of loss or damage, and shall produce the certificate under the seal of a Magistrate or Notary Public, nearest the place of the fire, and not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount claimed.

*Exception.*—At the trial the plaintiff offered the following prayer:

If the jury believe from the evidence that Frederick Fickey was appointed the agent of the defendant, by its authority, to adjust the loss sustained by the plaintiff, and to receive the preliminary proofs of loss, and did so receive

the same, and report them to the defendant, and that the defendant notified said Fickey that the proof was not satisfactory, and that subsequently the said Fickey so notified the defendant by the letter of August 8, 1876, offered in evidence, and that afterwards, at the instance of said Fickey, the plaintiff attempted to amend the same, and did so amend them, and return to said Fickey, and the said Fickey promised to send the same to said defendant, and give the reply of the said company to the same; and they shall find that the said Fickey did so send the said amended preliminary proof to the said defendant, and receive a reply, and notified the same to the plaintiff by letter, dated April 5th, 1877, given in evidence, stating no objection to the same, except the absence of detailed schedules, that then from all the evidence in the same, they are at liberty to find that the said Fickey was the accredited agent of the defendant to communicate with the plaintiff on the subject, and they may find a waiver by the defendant of all objections to the preliminary proof, except as to that stated in said letter of April 5th, 1877, and from all the evidence, including said letter of April 5th, 1877, they are at liberty to find that the company gave further time to the plaintiff to supplement his preliminary proof in the respects of the objection made in the said letter of April 5th, 1877; and if they shall further find that the plaintiff did so amend his preliminary proof, and serve the same upon the company at its office in Cincinnati, more than sixty days before this suit was brought, and the said company made no objection to the same, and retained during all this time all the preliminary proof aforesaid, then they may find the preliminary proof is not liable to objection on account of not being furnished immediately.

The defendant offered the following prayer: ·

That to entitle the plaintiff to recover in this action, the jury must find from the evidence that the plaintiff,

within a reasonable time after his alleged loss, rendered to the company such a particular account of his said loss as is required by the sixth condition of the policy sued on unless they shall further find that the rendering of such particular account as is required by said policy was waived by the defendant; that there is no evidence of the rendering of such an account of said loss as is required by said policy, within a reasonable time after said loss, and no evidence to account for delay on the part of the plaintiff in rendering such account, and there is no evidence that the rendering of such an account was waived by the defendant, and the verdict of the jury must be for the defendant.

The Court, (DOBBIN, J.,) rejected the prayer of the plaintiff, but granted the prayer of the defendant; the plaintiff excepted and the verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ROBINSON, J.

*John H. Handy,* for the appellant.

The Court below erred in refusing to instruct the jury that the facts stated in the plaintiff's prayer afforded evidence of a waiver.

Fickey was such an agent as could waive the provision as to the time. He had the apparent power to act in the premises, and there was not only nothing to put the insured on his guard, but everything to lull him into security as to Fickey's powers. He had the right to rely on these apparent powers. *Wood on. Ins.,* 846, *sec.* 500, 648, *secs.* 395, 396, *and note* 1.

The scope and extent of his powers must be determined by his acts, and the recognition thereof by his principal.

Scope of apparent authority may be relied on by insured. *Wood on Ins.,* 656, 657, *secs.* 397, 398.

Rokes *vs.* Amazon Ins. Co.

"If an insurance company, on notice of loss, refer the assured to their resident agent for settlement, and instruct the agent to procure a statement of the loss, he is thereby invested with full authority to receive and extend the time for furnishing it; and if given within the time required by the agent, that is sufficient, notwithstanding a condition of the policy requires it to be made at an earlier day. It would be a fraud on the insured, if having done what the agent required of him, the company should set up the defence of non-compliance with a condition which the agent had waived, and after it had become too late to perform it." *Flanders on Fire Ins.*, 192, *sec.* 7; *Lycoming Co. Mut. Ins. Co. vs. Schollenberger*, 8 *Wright,* (*Pa.*) 259; *Flanders on Fire Ins.*, 570, 571, 600, 601, *and* 2, *note* 3; *Works vs. Farmers' M. F. Ins. Co.*, 57 *Maine*, 281, *note* 2; *Franklin F. Ins. Co. vs. Coates*, 14 *Md.*, 286; *Ide vs. Phœnix Ins. Co.*, 2 *Bissell*, 333; *Grant vs. Lexington Ins. Co.*, 5 *Indiana*, 23; *Coursin vs. Pa. Ins. Co.*, 10 *Wright*, 323; *Ames vs. N. Y. Ins. Co.*, 14 *N. Y.*, 253; *Security Ins. Co. vs. Fay*, 22 *Mich.*, 467; *Wood on Ins.*, 728, 729, 833, *sec.* 496; *May on Ins.*, *secs.* 126, 127, 144, 464, 465; *Union Mutual Ins. Co. vs. Wilkinson*, 13 *Wall.*, 222; *Baker vs. Cottie*, 45 *Maine*, 236; *Curtis vs. Home Ins. Co.*, 1 *Biss.*, 485; *Owen vs. Farmers' Joint Stock Ins. Co.*, 57 *Barb.*, 518; *Dohn vs. Farmers' Joint Stock Ins. Co.*, 5 *Lan.*, 275; *Jones vs. Mutual Fire Ins. Co.*, 36 *N. J.*, 29; *Insurance Co. of N. A. vs. McDowell*, 50 *Ill.*, 120; 8 *Wright*, 259; 57 *Maine*, 281; *Flanders on Fire Ins., pages* 192, 570, 571, 600, 601, 602, *and notes.*

There was evidence that the defendant waived the condition in question: By the acts of its agent, even if those acts were not under instruction. By the company itself adopting and ratifying the agent's acts. By the acts of the company and its messages communicated to the insured by its agent.

The evidence of the waiver consists: In the acts of the agent and the company in inviting further proof. This

was repeated several times and as late as the interview of Handy with Fickey.

It consists in the entire absence of any objection made on that ground when the amended proof of March 5th was acknowledged by the company on April 5th. The specific objections then made, in the letter of April 5th, exclude and waive all other objections that might then have been made. *Wood on Fire Ins.*, 715, *sec.* 417, 716, 717, 727; *May on Ins., sec.* 468; *Charleston Ins. Co. vs. New,* 2 *McMullen,* (*S. C.,*) 267; *Lewis vs. Monmouth Mutual Fire Ins. Co.,* 25 *Maine,* 492; *Post vs. Ætna Ins. Co.,* 43 *Barb.,* (*N. Y.,*) 351; *Killips vs. Putnam F. Ins. Co.,* 28 *Wis.,* 472; *Heath vs. Franklin Ins. Co.,* 1 *Cush.,* (*Mass.,*) 257; *Flanders on Fire Ins.,* 597; *Great Western Ins. Co. vs. Strader,* 26 *Ill.,* 365; *Ins. Co. of North America vs. Hope,* 58 *Ill.,* 75; *Herron vs. Penn. M. & F. Ins. Co.,* 29 *Ill.,* 225; *Taylor vs. Merchants' Fire Ins. Co.,* 9 *Howard,* 390; *Noyes vs. Washington County Mutual Insurance Company,* 30 *Vermont,* 689; *Gans vs. St. Paul F. & M. Ins. Co.,* 43 *Wis.,* 109.

It amounts to a waiver when the company prevents suit by holding out hope of settlement. *Flanders on Fire Insurance,* 600, *note* 2, and cases there cited.

The local agent has the power to waive the furnishing of proof within a specified time. *Flanders on Fire Insurance,* 600, *and note* 2; *Ide vs. Phœnix Insurance Company,* 2 *Bissell,* 333; *Grant vs. Lexington Insurance Co.,* 5 *Ind.,* 23; *Coursin vs. P. A. Ins. Co.,* 10 *Wright,* 323; *Curtis vs. Home Ins. Co.,* 1 *Biss.,* 485; *Ames vs. New York Insurance Company,* 14 *N. Y.,* 253.

"It is well settled that the officers and *agents* of the insurance company may in any particular case waive or modify the stipulations of the policy as to the preliminary proof of loss, or the mode and form in which liability of the company shall be ascertained and made known." *Flanders on Fire Insurance,* 602, *note* 1; 105 *Mass.,* 570; 14

*Gray*, 203; 12 *Gray*, 265; 14 *Wright*, 331; 42 *Mo.*, 456; 26 *Iowa*, 9.

For these stipulations as to the preliminary proof are not of the essence of the contract. *Pruit vs. Citizens' Mutual Fire Insurance Company*, 3 *Allen*, 602; *Maryland Insurance Company vs. Bathurst*, 5 *G. & J.*, 159; *Franklin Fire Insurance Company of Chicago vs. Chicago Insurance Co.*, 36 *Md.*, 102.

*Thomas J. Morris* and *Edward Otis Hinkley*, for the appellee.

1. Preliminary proofs of loss when required by the policy must be furnished in manner and form as required before the insured can recover. *Spring Garden Mut. Ins. Co. vs. Evans*, 9 *Md.*, 1; *Citizens' Fire Ins. Co. vs. Doll*, 35 *Md.*, 101; *Plakely vs. Ins. Co.*, 20 *Wis.*, 205; *Johnson vs. Ins. Co.*, 112 *Mass.*, 49.

2. The policy requiring that the preliminary proofs of loss shall be rendered immediately after the fire, they must be rendered within a reasonable time, and a delay of ten months, as in this case, is an unreasonable delay. The first proofs of loss, being defective and promptly objected to, count for nothing. *Brink vs. Hanover Fire Ins. Co.*, 70 *N. Y.*, 593; *Tayloe vs. Insurance Co.*, 9 *Howard*, 403; *Kimball vs. Insurance Co.*, 8 *Bosworth*, (*N. Y.*,) 495.

3. After the objection to the first proofs of loss, which were served 8th August, 1876, which was one month after the fire, no attempt was made to furnish proper proofs until March 7th, 1877, and by the plaintiff's own testimony nothing was done by the appellee, or its agents, during that interval, in any way to induce him to delay. There could be therefore no pretence of waiver up to that time. After April 5th, 1877, nine months after the fire, appellant's counsel called upon Fickey, and from conversations then had between them, a waiver is sought to

be established. Even if any such interpretation could be put upon what was then said and done, appellant's rights were then forfeited under his policy, and nothing but an express agreement between parties competent to make it could renew the policy. *Edwards vs. Insurance Co.,* 3 *Gill,* 86; *Trask vs. Insurance Co.,* 29 *Pa.,* 198; *Patrick vs. Insurance Co.,* 43 *N. H.,* 623; *Underwood vs. Insurance Co.,* 57 *N. Y.,* 506; *Beatty vs. Insurance Co.,* 66 *Pa.,* 9; *Smith vs. Insurance Co.,* 1 *Allen,* (*Mass.,*) 297; *Insurance Co. vs. Kyle,* 11 *Mo.,* 289; 10 *Peters,* (*U. S.,*) 507.

It appearing from the appellant's own testimony, that there was an unreasonable delay in furnishing the proofs of loss ¦and no evidence to account for the delay, and no evidence of a waiver, it was proper for the Court to instruct the jury that the appellant could not recover. *Spring Garden Mut. Co. vs. Evans,* 9 *Md.,* 21; *Ewalt vs. Harding,* 16 *Md.,* 170; *Bower vs. Hoffman,* 23 *Md.,* 270; *Inman vs. Insurance Co.,* 12 *Wendell,* 460; *Streeter vs. Streeter,* 43 *Ill.,* 165.

ROBINSON, J., delivered the opinion of the Court.

This is an action on a policy issued by the appellee, insuring the property of the appellant against loss by fire.

The policy requires that proofs of loss shall be furnished in writing immediately after the fire. *Immediately* as here used means within a reasonable time; and what is a reasonable time must of course depend upon the facts and circumstances of each particular case. *Cashan vs. N. W. Nat. Ins. Co.,* 5 *Biss.,* 476; *Edwards vs. Lycoming Co. Mut. Ins. Co.,* 75 *Penn.,* 378.

Admitting, however, for the purposes of this case, that proofs of loss were not furnished within the time prescribed by the policy, the main question is, whether there is any evidence legally sufficient to show a waiver of this condition on the part of the appellee.

It is conceded that where proofs of loss are furnished in time, and such proofs are defective, if the *insurer* puts his refusal to pay on other and distinct grounds, he will be held to have waived all objections to such defects; and will not be permitted to rely upon them in a suit upon the policy. Fair dealing in such cases, requires that the insurer should make known his objections when the proofs are furnished, in order that the insured may correct the same within the time prescribed by the policy.

But it is argued that the failure to furnish the proofs *within time* stands upon different grounds, because the insured having by his own default forfeited the right to recover on the policy, he is not in any manner injured or prejudiced by the subsequent acts and conduct of the insurer. And it is contended, therefore, that a *new consideration* or an *express agreement* on the part of the insurer, is necessary to renew or give vitality to the policy.

It was said by EARL, Commissioner, in *Underwood vs. Farmers' Joint Stock Ins. Co.*, 57 *New York,* 502, that the law of waiver was based upon the doctrine of estoppel, and " that in the absence of some consideration for a waiver, or some valid modification of the agreement between the parties, there could be no such thing as waiver of a condition precedent, except there be in the case an element of estoppel;" in other words, unless the failure to furnish the proofs within the time prescribed by the policy, had been occasioned in some way, by the acts or conduct of the insurer. The other commissioners, however, did not concur with the learned Judge in his views upon the law of waiver, and the case was decided on other grounds. See also *Beatty vs. Ins. Co.*, 66 *Penna.,* 9.

We have carefully examined all the cases within our reach on this branch of the case, and are of opinion that the contention of the appellee is unsupported either by principle or by the weight of authority.

Preliminary proofs are required for the benefit solely of the insurer, in order that he may ascertain the nature,

Rokes *vs.* Amazon Ins. Co.

extent and character of the loss; and the condition in the policy in respect thereof, being inserted for his benefit, there is no reason why he may not waive or extend the time within which such proofs are to be furnished.    Nor is it necessary to prove an express agreement to waive. On the contrary, it may be inferred from the acts and conduct of the insurer inconsistent with an intention to insist upon the strict performance of the condition.    *Tayloe vs. Merchants' Fire Ins. Co.*, 9 *How.*, 390; *Post and Dowding vs. Ætna Ins. Co.*, 43 *Barb.*, 351; *Phillips vs. Protection Ins. Co.*, 14 *Mo.*, 220; *Owens vs. Farmers' Joint Stock Co.*, 57 *Barb.*, 518; *Graves vs. Wash. Incor. Ins. Co.*, 12 *Allen*, 391; *Dohn vs. Farmers' Joint Stock Co.*, 5 *Lansing*, 275.

But conceding for the purposes of this case, that there must be an element of estoppel in order to constitute a waiver, there is evidence in this record legally sufficient in our opinion to submit to the jury to support a waiver given on that ground.    Estoppel as used in this connection, we understand to mean where the insurer, knowing that the proofs have not been furnished within time, so bears himself thereafter in relation to the contract, as fairly to lead the assured to believe that he still recognizes the policy to be in force and binding upon him.

Now in this case, the property was destroyed by fire on the 8th of July, 1876, and on the next day, Mr. Montague, the general agent of the appellee, visited the scene, and personally inspected the loss and damage to the property.

On the second day after the fire, the appellant in company with Mr. Forrest, his broker, called on Mr. Montague the agent, for information in regard to the nature and character of the proof required, and for blanks upon which to furnish the same; they were referred by him to Mr. Fickey, as the person specially appointed by the company to adjust and settle the loss.    Accordingly they called on Fickey, and not having any blanks of the company, he furnished them with other blanks for the purpose.

The proofs were prepared by Forrest, the broker, and on the 28th of July, within a fraction less than three weeks after the fire, they were served on Fickey.

By letter of August 8th, Fickey notifies the appellant, and Forrest his broker, that the proofs are defective; and concluded by saying the company "preferred to have the proofs furnished upon its own blanks, which he was now ready to furnish."

The appellant was absent from the State and did not return, nor did he receive Fickey's letter until several months after it was written. During his absence, however, Fickey several times inquired of Forrest about the appellant's return, and was anxious to know what were the appellant's views in regard to a settlement. Upon the return of the latter, several conversations of like import took place between him and Fickey, in which the appellant was pressed to say what he would take in settlement of the loss.

Sometime in February following, Forrest again called on Fickey, to know in what respects the proofs were defective, and what additional proof was required; and after this interview, he prepared amended proofs, No. 2, and on the 5th of March served the same on Fickey. Objections were also made to the amended proofs, and in his letter of April 5th, Fickey concluded by saying:

"The company requires that you furnish proof of loss, and evidence to sustain your claim in the mode and manner provided for by their policy of insurance."

Being again requested to amend his proofs, and finding that Forrest his broker was unable to prepare them in a manner satisfactory to the company, the appellant applies to John H. Handy, Esq., attorney at law. Handy immediately called on Fickey, and requested him to point out specifically the defects in the proofs, and offered to furnish any additional proof the company might require. In this interview, Fickey said he had no doubt but what he

and Handy could settle the matter, and further said the appellant himself could settle the loss by deducting something from his claim. Fickey furnished Handy with additional blanks, and they parted with the distinct understanding on the part of Handy, that he was to prepare additional proofs, and that they would be accepted by the company. Accordingly, amended proofs No. 3, were prepared and served on Fickey on the 5th of May, and on the 7th of the same month on the appellee, at its office in Cincinnati. Service of proof was acknowledged by the president of the company, but no further notice was taken of it.

It thus appears that from the 28th July, 1876, the time when the first proof of loss was furnished up to April 5th, 1877, when amended proof No. 3 was served on the company, no objection was made to the proofs on the ground that they were not prepared in proper time. On the contrary, although fertile in objections, and even ready to make them, the company always professed to be ready and willing to accept the proofs, provided they were made out as required by the policy, and as paper after paper was rejected, the appellant was requested to go on and perfect his proofs. And when at length he has succeeded after great labor and expense, with the aid of an insurance broker and a lawyer, in overcoming all formal objections to his proofs, he is told for the first time that he has forfeited his rights under the policy by not having furnished his proofs in proper time. And this too by a company whose general agent visited the scene the day after the fire, and had himself every opportunity of ascertaining the extent and character of the loss, and to investigate whether the property was in fact destroyed by any of the perils insured against.

The record shows that with full knowledge that the proofs had not been furnished in time, the appellee not only failed to make objections to them on this ground, but

from the time when they were first furnished, to the time when amended proofs No. 3 were served on the *adjuster*, the appellee not only encouraged but requested appellant to perfect his proofs—that upon the faith of such requests, the appellant has incurred the labor and expense of preparing additional proofs, that during all this time the appellee recognized the binding force of the policy, by repeatedly offering to settle with the appellant, provided he would abate something of his demand. It can hardly be necessary to say, in view of these facts, that if an element of estoppel be necessary to constitute a waiver, here is evidence sufficient to support it. The whole record shows from the beginning to the end a persistent and *bona fide* purpose on the part of the appellant to furnish any and all proofs required by the company, and we regret to say it shows also an equal persistency and readiness on the part of the appellee to make objections of every kind to the proof thus furnished.

In regard to the clause in the policy that provides "no waiver or modification of any of the terms or conditions of this policy shall be made in any event," it is sufficient to say that it refers to those conditions and provisions of the policy, which enter into and form a part of the contract of insurance, and are essential to make it a binding contract between the parties, and which are properly designated conditions;—and that it has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing proofs of loss. *Franklin Fire Ins. Co. vs. Chicago Ice Co.*, 36 *Md.*, 120.

We are of opinion, therefore, the Court below erred in granting the defendant's prayer, that there was no evidence of a waiver; and erred also in refusing the prayer offered by the plaintiff.

> *Judgment reversed, and*
> *new trial awarded.*

(Decided 18th June, 1879.)