LOEB *et al.* v. THE AMERICAN CENTRAL INSURANCE COMPANY, *Appellant.*

1. **Fire Insurance:** NOTICE OF LOSS. A written notice of loss given to an insurance company by its local agent, adopted and relied on by the assured, is sufficient, even though it does not purport, on its face, to be given on behalf of the insured.

2. ———: POLICY, CONDITIONS IN. A clause contained in the body of a policy against loss by fire, that "no agent has any power to waive any condition of this contract," has reference to those stipulations which are a part of, and necessary to give validity to, the contract of insurance, and not to those matters which are to be performed after there has been a loss, such as giving notice and furnishing a verified account of the loss.

3. ———: PROOF OF LOSS: WAIVER AS TO TIME. A waiver of the strict terms of the policy, as to the time of furnishing the proofs of loss, may be shown by the acts and conduct of the officers of the company. Receiving and holding the proofs without objection, and turning them over to the company's adjuster, are acts inconsistent with a design, on the part of the company, to object that the proofs were furnished out of time.

4. **Waiver:** QUESTION FOR JURY. The facts in evidence in this case authorized the court to submit to the jury the question of such waiver on the part of the company.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Hitchcock, Madill & Finkelnburg* for appellant.

(1) The provisions of the policies, sued on in this case in respect of immediate notice in writing to the defendant of loss, and also of the rendition of proofs of such loss and the time within which they were to be rendered, constituted warranties, conditions precedent, within the meaning of the law, applicable to such contracts. And the legal effect of the breach of such warranties, or conditions precedent, was an absolute extinguishment of all right to assert any claim upon defendant for loss occurring to the property described in either of the policies in suit. May on Insurance [2 Ed.] secs. 156, 157, 158; *Healy v. Insurance Company*, 5 Nev. 268, 272; *Dennison v. Insurance Company*, 52 Iowa, 457; *Catoin v. Insurance Company*, 33 N. Y. 487. (2) The failure of plaintiffs to give defendant immediate notice, in writing, of the alleged loss, was a breach of an express warranty contained in each of the contracts, evidenced by the respective policies in this case. And the failure to give such notice is not cured or helped out by the fact that an agent of the defendant communicated to it information of the fire. In this case the notice required by the policies was never given by any one at any time. (3) The failure of plaintiffs to render proofs of loss under the policy on the stock of goods, counted on in the first cause of action alleged in the petition, within thirty days after the loss, was a breach of an express warranty contained in that policy. (4) The failure of the plaintiffs to render the proofs of loss, under the policy, on the two buildings counted on in the second cause of action alleged in the petition, within thirty days after the loss, was a breach of an express warranty contained in that policy. (5) The local agent of the defendant at Salisbury did not attempt to waive any provision or condition of either of

the policies in suit.    And if he had attempted to do so, his action, independent of any special provisions in the policies, would have been nugatory, because, being only a local agent, he was without power to waive or suspend any provision or condition in either one of the policies. But, in addition to this, each policy contained an express provision that no agent of defendant had the power to waive any requirement of such policy.    *Bush v. Insurance Company*, 63 N. Y. 531; *Van Allen v. Insurance Company*, 64 N. Y. 469; *Mersereau v. Insurance Company*, 66 N. Y. 274 (p. 278); *Lohnis v. Insurance Company*, 121 Mass. 439; *Parks v. Insurance Company*, 26 Mo. App. 511; *Brownfield v. Insurance Company*, 26 Mo. App. 390, 398; *Day v. Insurance Company*, 88 Mo. 325, 330–331.

*A. W. Mullins* for respondents.

(1)    Aside from any question of waiver, the letter from Mr. Stockwell, the defendant's agent at Salisbury, where the fire occurred, to the president of the company, was sufficient notice.    Wood on Fire Insurance, sec. 414; *Phillips v. Insurance Company*, 14 Mo. 220; *O'Brien v. Insurance Company*, 76 N. Y. 459; *Stimpson v. Insurance Company*, 47 Maine, 379; May on Ins., sec. 463.    (2) The defendant having received from the plaintiffs the proofs of loss, and held and retained the same, and neither in writing, or otherwise, advised or notified plaintiffs of any objection thereto, because of the time when received, or for any reason whatever, and the president and acting secretary having referred the proofs of loss to the general adjuster of the company for his action thereon, and by the undisputed acts and conduct of the company with respect to said loss, and the proofs thereof furnished to it by the plaintiffs, the defendant must be held to have waived all objections as to the time when the said proofs of loss were delivered to it by the plaintiffs.    *Okey v. Insurance Company*, 29 Mo. App. 105;

*Rokes v. Insurance Company*, 51 Md. 512; *Insurance Company v. Chicago Ice Co.*, 36 Md. 102; *Insurance Company v. Ellen O'Conner*, 29 Mich. 241; *Insurance Company v. Kranich*, 36 Mich. 289; *Brink v. Insurance Company*, 80 N. Y. 108; *Goodwin v. Insurance Company*, 73 N. Y. 480; *Prentice v. Insurance Company*, 77 N. Y. 483; *State Ins. Co. v. Maackens*, 38 N. J. Law, 564; *Killips v. Insurance Company*, 28 Wis. 472, 480; *O'Conner v. Insurance Company*, 31 Wis. 160; *Palmer v. Insurance Company*, 44 Wis. 201, 209; *Wheaton v. Insurance Company*, 18 Pac. Rep. 758; *Com. Union Assurance Co. v. Hocking*, 115 Pa. St. 407; May on Ins., secs. 505, 511. (3) No new consideration or contract was necessary to constitute a waiver. *Goodwin v. Insurance Company*, 73 N. Y. 480, 493; *Rokes v. Insurance Company*, 51 Md. 512; *Okey v. Insurance Company*, 29 Mo. App. 105, and authorities cited; *Prentice v. Insurance Company*, 77 N. Y. 480, 489. (4) If the notice of the loss were given in a manner different from that stipulated on the back of the policies, and by the agent of the defendant instead of the plaintiffs, still a waiver as to the proofs of loss was also a waiver of strict compliance as to the notice. *Insurance Company v. O'Conner*, 29 Mich. 241.

BLACK, J.—This suit is based upon two policies of insurance issued by the defendant to plaintiffs, who are partners in a mercantile business at Salisbury, in this state.  One policy is in the sum of twenty-eight hundred dollars, upon a stock of merchandise, and the other in the sum of three hundred dollars, upon two one-story frame buildings.  There was a verdict and judgment for plaintiffs upon both policies.

The policies are alike, and it is stated on the face of each that the damage by fire is to be paid in sixty days after the loss shall have been ascertained, in accordance with the conditions of the policy, the sixth being that

"all proceedings after loss shall be in accordance with the terms and stipulations printed on the back of this policy, which are hereby declared to be a part of this contract, and are to be resorted to in order to determine the rights and obligations of the parties hereto." On the back is this stipulation : "In case of loss, the assured shall give immediate notice, in writing, thereof, to this company, and shall, within thirty days thereafter, render to this company a particular account of said loss, under oath, stating   *   *   *."

The defendant resists payment on these grounds only : First, a failure to give any notice of the loss; second, a failure to furnish proofs of loss within the thirty days. As to the latter, the plaintiffs plead waiver.

1.   The fire occurred on December 3, 1885, at about one o'clock a. m.   The policy, it will be seen, requires the assured to give immediate notice of the loss.   On the next day after the fire, one of the plaintiffs went to Mr. Shotwell, who negotiated the insurance, and was the defendant's local agent at Salisbury, and requested him to notify the company of the loss.   Mr. Shotwell then told the plaintiff he had already notified the company. The evidence shows that Shotwell had written a letter to the company giving full notice and information of the loss under the two policies.   The letter does not on its face profess to be given for, or in behalf of, the plaintiffs, and the contention of defendant is that it is no notice given by the assured.

It was held in *Stimpson v. Insurance Co.*, 47 Me. 386, that a notice of loss given by the local agent at the request of the assured was sufficient, though the local agent, in his letter to the company, did not disclose the fact that it was written at the request of the assured. A written notice of the loss from the local agent, given from information communicated to him by the assured, was held to be a sufficient notice to the company in

*West Branch Ins. Co. v. Helfenstein*, 40 Pa. St. 289. In that case the policy required notice to be given in writing by the assured. The plaintiffs in this case did not give any further written notice, because Shotwell said he had given the company notice. They adopted and relied upon his act and statement, and no intimation was made to them that the notice given was not sufficient. That the letter was received in due course of mail at the home office in St. Louis is not questioned. The notice given, under the above stated circumstances, was a sufficient compliance with the terms of the policy.

2. The defendant makes the point that its agents had no power to waive any of the stipulations in the policy, and relies upon one of the conditions which is in these words:

"7. No agent has any power to waive any condition of this contract."

A full copy of the policy is not preserved in the record, but it seems this is one of the several conditions stated in the body of the policy. It has no reference to the stipulation printed on the back, to the effect that the proof of loss must be furnished to the company within thirty days. The words "any condition of the contract" have reference to those stipulations which are a part of, and necessary to give validity to, the contract of insurance, and not to those matters which are to be performed after there has been a loss, such as giving notice, and furnishing a verified account of the loss. It was said in *Rokes v. Amazon Ins. Co.*, 51 Md. 512: "In regard to the clause in the policy that provides 'no waiver of modification of any of the terms or conditions of this policy shall be made in any event,' it is sufficient to say that it refers to those conditions and provisions of the policy, which enter into and form a part of the contract of insurance, and are essential to make it a binding contract between the parties, and

which are properly designated conditions ; and that it has no reference to those stipulations, which are to be performed after a loss has occurred, such as giving notice and furnishing proofs of loss." *Wheaton v. Insurance Company*, 18 Pac. Rep. 764, is to the same effect.

3.    The proof of the loss on the goods was made out and verified on the second of January, 1886, but the additional certificate of the officer nearest the place of the fire, required by the policy, was not procured until the fourth, and on that day the proof was transmitted to defendant, and received by it on the fifth, some two days after the expiration of the thirty days. The proof on the three-hundred dollar policy was not served on defendant until the first day of February, 1886, nearly a month after the stipulated time. There were four other policies issued by other companies on the stock of goods, and statements made by at least one of two adjusting agents were put in evidence ; but it did not appear that this agent had any authority to represent defendant, and these statements were excluded by an instruction. The plaintiffs testified that after these adjusting agents left they commenced to make out proofs of loss, that Mr. Shotwell, the defendant's local agent, told them to hold on and not send the proofs yet, that an agent would be up from the home office and settle the business. Mr. Shotwell says it is possible he may have made such a statement, that he can't say he was expecting an agent up from St. Louis.

An arbitration was held between plaintiffs and the four other companies at the office of defendant in St. Louis, which began on the twenty-fourth of January, 1886, and lasted for a week or ten days. Both plaintiffs testified that they asked Mr. Rorick, who was the defendant's general adjusting agent, if he was going into the arbitration, and that he said :   "No, I want to see you after the arbitration to settle that loss with you."

One of the plaintiffs testified further that he called at the office to see Rorick several times, and was told 'that he was not in, and that finally he went to a lawyer, and had prepared the proof of loss on the building, and then handed the proof to the assistant secretary, who said : " Why it is no use for you to serve this proof of loss on this company.   We know all about your fire." This was on the first of February, 1886.   The assistant secretary says he made no such a statement, that he took the papers, made a note of them as to where the plaintiff said he could be found, and then laid them on the desk of Mr. Rorick.   Mr. Rorick says he told plaintiffs they had forfeited all rights, and his company had nothing to arbitrate.   The evidence of both plaintiffs is that he said nothing about forfeiture.   The president of the defendant says he presumes he had some conversation about the loss with the plaintiffs, that they were about the office for two or three days.

The fact is undisputed that defendant did not return or offer to return these proofs; they were turned over to Mr. Rorick, and no objection was made, because not furnished within thirty days.   This objection was made known for the first time by the answer filed in this case, five months after the fire.

On this evidence, the court for the plaintiffs instructed, that if defendant received the proofs of loss and held and retained them, and never notified plaintiff of any objection thereto, and "that the conduct of the defendant acting by its officers and agents, with respect to said loss, and the adjustment and settlement thereof, was such as to show a waiver as to the time of making and furnishing said proofs of loss, then the plaintiffs are not precluded from recovering as to either count of said petition, on the ground that said proofs or loss were not received by the defendant company within thirty days after the happening of said fire."

The court, at the request of the defendant, gave the following instruction :

" 9.   The jury are instructed that to create a waiver within the time limited, to-wit, thirty days in which the plaintiffs by the policies, read in evidence, are required to make and render to defendant their sworn proofs of loss, there must have been some act done or thing said, by some agent of the defendant having authority, that reasonably led the plaintiffs to believe that the defendant would not require a strict compliance in point of time on their part in furnishing said proofs of loss,   *   *   *   and they are further instructed that silence alone on the part of the defendant and its agents is not enough to create a waiver of the time in which said proofs of loss were required by the policies sued upon to be made and rendered to the defendant."

The objection that the evidence did not justify the court in submitting the question of waiver to the jury is not well taken.   The company's local agent directed a delay in furnishing the proofs of loss.   The company not only received and kept the proofs, but at no time, before filing the answer in this case, made any objection because out of time.   The evidence tends to show that the defendant's adjuster gave plaintiffs to understand that he would settle the loss, and for that reason would not go into the arbitration; and when the last proof was furnished the assistant secretary said it was no use to serve the proof on defendant, assigning as a reason that the company knew all about the fire, and not even intimating that the proof was out of time.   True it is the adjuster says he told plaintiffs they had forfeited their rights, but he does not pretend to say that he assigned any reason why they had forfeited their rights.   Besides this it was for the jury to say who gave a correct version of the conversation.   A waiver of the strict terms of the contract may be shown by the acts and conduct of the officers of the company, and receiving

and holding the proofs, without objection made thereto, and turning them over to the adjuster are acts inconsistent with a design on the part of the company to stand on the fact that the proofs were out of time. Says the court in *Brink v. Insurance Company*, 80 N. Y. 112: "If a company intends to avail itself of the technical objection that the proofs are not filed in time, common fairness requires that it should refuse to receive them on that ground, or at least promptly notify the assured of their determination, otherwise the objection should be regarded as waived." See also *Insurance Company v. Hocking*, 115 Pa. St. 407.

It is not necessary to examine minutely those cases where it is held that receiving and keeping proofs of loss, without objection, is, as a matter of law, a waiver of the objection that they were furnished out of time. Nor do we say this case comes within that class of cases, but we do say the evidence justifies the finding of the jury that defendant intended to and did waive and forego strict compliance with the terms of the policy, as to the time in which the account of the loss was to be furnished. It is difficult to see how the jury could have reached any other conclusion.

An objection is made to plaintiffs' instruction, on the ground that it does not sufficiently define what will constitute a waiver, but it will be seen that instruction and the one given at the request of the defendant are not in conflict, and both taken together present the law favorably for the defendant.

The judgment is affirmed. RAY, C. J., absent· BARCLAY, J., dissents; the other judges concur.