DAVID W. FULTON *et al.*, Respondents, v. THE PHŒNIX INSURANCE COMPANY OF BROOKLYN, N. Y., Appellant.

Kansas City Court of Appeals, December 5, 1892.

1. **Insurance:** EVIDENCE: PLEADING: WAIVER OF PROOF OF LOSS. The allegation in a petition on a policy of insurance to the effect that the plaintiff has complied with all the conditions of said policy is sufficient to let in proof of waiver of condition as to furnishing proofs of loss.

2. ———: WAIVER OF PROOF OF LOSS. The facts in this case as to waiver of proofs of loss are *held* sufficient to induce an ordinarily prudent man to believe that the defendant would not require the formal proofs of loss called for in the policy, and to preclude the defendant from insisting on such proofs.

3. ———: EVIDENCE: PROOFS OF LOSS: HARMLESS ERROR. It is error to admit in evidence proofs of loss made out after the expiration of the time allowed by the policy for making them, yet as there had been a waiver such error was harmless in this case.

*Appeal from the Linn Circuit Court.*—Hon. W. H. Brownlee, Special Judge.

AFFIRMED.

*Jno. P. Butler* with *W. F. Calfee,* for appellant.

(1) The ninth clause of this policy, which bound him to furnish proofs of loss within thirty days, is a part of the consideration upon which the defendant company agreed to insure Fulton, and a full compliance therewith is a condition precedent to his right of recovery. Wood on Insurance, sec. 436; May on Insurance, sec. 465; Ostrander on Insurance, p. 398; *Owen v. Ins. Co.,* 57 Barb. (N. Y.) 521; *Ins. Co. v. Deford,* 38 Md. 400; *Ins. Co. v. Carpenter,* 4 Wis. 25; *Ins. Co. v. Beatty,* 66 Pa. St. 9. (2) If the plaintiffs relied upon a waiver of the proofs of loss they should have pleaded it, and the defendant would then have been prepared to meet it. *Kiskaddon v. Jones,* 63 Mo. 192; *Nichols, Shepard & Co. v. Larkin,* 79 Mo. 272; *Bank v. Hatch,* 78 Mo. 13; *Lanitz v. King,* 93 Mo. 573; *Ins. Co. v. Tharp,* 28 Pa. 991.

*A. W. Mullins* with *John H. Goldman,* for respondents.

(1) No special averment of waiver was necessary. The petition alleged that the plaintiff Fulton "duly and fully complied with all the terms and conditions of said policy to be done and performed on his part." That was sufficient to admit evidence as to waiver by the company in the furnishing to it proof of loss by plaintiff Fulton within the time specified in the policy.

*Ins. Co. v. Kyle,* 11 Mo. 278; *Russell & Co. v. Ins. Co.,* 55 Mo. 585; *Schultz v. Ins. Co.,* 57 Mo. 331; *Oakey v. Ins. Co.,* 29 Mo. App. 105, 110; *Steam-Heating Co. v. Bissell,* 41 Mo. App. 426; *Smith v. Haley,* 41 Mo. App. 611; Revised Statutes, 1889, sec. 2079, p. 546. (2) No new consideration or contract was necessary to constitute a waiver. *Goodwin v. Ins. Co.,* 73 N. Y. 480, 493; *Rokes v. Ins. Co.,* 51 Md. 512; *Oakey v. Ins. Co.,* 29 Mo. App. 105, and authorities cited; *Prentice v. Ins. Co.,* 77 N. Y. 480, 489. Proof of loss was waived by the defendant. When once waived the right of the company to invoke compliance with that stipulation was gone forever. *Oakey v. Ins. Co.,* 29 Mo. App. 105; Wood on Fire Insurance, secs. 419, 421. And the promises to pay the loss before the plaintiff Fulton had made the preliminary proof of loss, with full knowledge of that fact, was a waiver thereof. *Greenfield v. Ins. Co.,* 47 N. Y. 430, 439.

GILL, J.—On November 15, 1887, the defendant issued its policy of insurance on a farm dwelling and contents belonging to plaintiff Fulton, loss if any payable to the trustee of the Phœnix Mutual Life Insurance Company as its interest as mortgagee might appear. On September 11, 1891, and during the life of the policy, the building and contents were destroyed by fire. Defendant failing to pay the insurance, this action was brought, resulting in a verdict and judgment for plaintiffs, and defendant appealed.

I. The defense relied upon was the failure to make proof of loss within thirty days provided in the policy. That such proofs were not made within the time stipulated in the policy was admitted, but plaintiffs relied on a waiver thereof by defendant. Now the petition declared plaintiffs' compliance with all the requirements and conditions of the policy; but at the

trial the court permitted plaintiffs, over defendant's objection, to introduce evidence tending to prove a waiver of the condition to furnish proofs of loss within thirty days. Defendant objected to such evidence on the alleged ground that no waiver had been pleaded. In answer to this objection it is only necessary to repeat, without citing the numerous cases, what has been so often decided by the courts of this state, that the allegation in the petition to the effect that plaintiff had complied with all the conditions of said policy upon his part, is sufficient to let in proof of a *waiver* of such condition as to furnishing the proofs of loss.

There was, too, in this case abundant evidence to justify the court in submitting the question of waiver to the jury. Immediately after the fire, plaintiff Fulton (who lived it seems about twenty miles from the agency that issued the policy) wrote a letter addressed to the former agent, Stephens, who had written the policy, informing him of the fire, and asking for instructions as to how he, Fulton, should proceed, etc. Stephens forthwith turned over Fulton's letter to Spencer, his successor, at Linneus. Spencer thereupon wrote to Burch, the general agent at Chicago, informing him of the particulars of the loss. This general agent replied to Spencer promising to have the adjuster come upon the ground, and settle the loss. Whereupon Spencer, the local agent, under date of September 19 (only eight days after the fire), wrote the following to plaintiff Fulton:

"*D. W. Fulton, Esq., New Boston, Mo.:*

"DEAR SIR:—Mr. Geo. W. Stephens, Sr., of this place reported your loss under policy number 1184. This day I received a letter from the company stating their Mr. Hamlin would call and settle with you.

"Respectfully yours,

"R. H. SPENCER."

Shortly thereafter (about October 1) the defendant's adjuster did appear upon the scene, and while unable at that time to see Fulton he yet saw Stephens, who represented the Mutual Insurance Company, the other plaintiff and beneficiary in the mortgage, and said to Stephens that he intended to settle or adjust the loss, and, too, informed Stephens that he would send the company's draft in payment thereof, payable to both Fulton and said mortgagee to whom the loss was made payable. And even as late as October 8 (only three days before the expiration of the thirty days within which the proofs of loss were by the terms of the policy to be furnished) the general manager or adjuster wrote to Fulton acknowledging the receipt of a letter of inquiry of date September 28, and promised to have the matter attended to. Now, was not all this reasonably sufficient to induce these plaintiffs, while acting as ordinarily prudent men, to believe that the defendant company would not require the formal proofs of loss called for by the policy? And if such conduct on defendant's part had that effect, and the plaintiffs, relying thereon and induced thereby, permitted the time to elapse within which such proofs should have been made, then the company is precluded from insisting on such proofs after the time had passed. *Loeb v. Ins. Co.*, 99 Mo. 50; *Yale v. Ins. Co.*, 33 Mo. App. 664, and authorities cited.

It seems that after the expiration of the thirty days, within which the proof of loss was required by the terms of the policy, defendant refusing to settle the loss, plaintiff Fulton did make out and left with defendant a formal proof of loss. To the introduction of this proof in evidence defendant objected, and now insists that it was error to admit said paper. I am inclined to regard this as error, in that the paper was wholly useless. Making proof sixty days after the loss did not show

compliance with the stipulations of the contract of insurance. Yet admitting a waiver to have been shown, the introduction of the delayed proof of loss was to say the most only a harmless error.

We have read and considered the instructions given, and we regard them as a fair presentation of the law of the case. The judgment is affirmed. All concur.