GEORGE E. TITSWORTH, Appellant, v. AMERICAN CENTRAL INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, May 6, 1895.

Insurance: STIPULATION AGAINST WAIVER: EFFECT OF: PROOFS OF LOSS. An insurance policy stipulated, "No agent has power to waive any condition of this contract." *Held*, this had reference only to stipulations which are a part of, and necessary to give validity to, the contract of insurance, and not to matters which are to be performed after loss, whether these latter stipulations are written on the face of, or on the back of, the policy. The insured may prove a waiver of proofs of loss, *following Loeb v. Ins. Co.*, 99 Mo. 50.

*Appeal from the Bates Circuit Court.*—HON. JAS. H. LAY, Judge.

REVERSED AND REMANDED.

*Francisco Bros.* for appellants.

A clause contained in the body of a policy against loss by fire, that "no agent has any power to waive any condition of this contract," has reference to those stipulations which are a part of, and necessary to give validity to, the contract of .insurance, and not to those matters which are to be performed after there has been a loss, such as giving notice and furnishing a verified account of the loss. *Loeb v. Ins. Co.*, 99 Mo. 50; *Barnard v. Ins. Co.*, 38 Mo. App. 113; *Okey v. Ins. Co.*, 29 Mo. App. 110; *Anthony v. Ins. Co.*, 48 Mo. App. 66;

*Hanna v. Ins. Co.*, 56 Mo. App. 586; *Cromwell v. Ins. Co.*, 47 Mo. App. 110; *Rokes v. Ins. Co.*, 51 Md. 512; *Ins. Co. v. Ins. Co.*, 56 Md. 102; *Whitehead v. Ins. Co.*, 76 N. Y. 418; *Wheaton v. Ins. Co.*, 18 Pac. Rep. 764; *Hamilton v. Ins. Co.*, 94 Mo. 353; 7 Am. and Eng. Encyclopedia, p. 1054; 11 Am. and Eng. Encyclopedia, p. 342; *Day v. Ins. Co.*, 88 Mo. 325; *Lowry v. Ins. Co.*, 32 N. Y. 329; *Ins. Co. v. Daugherty*, 102 Pa. St.; *Wheaton v. Insurane Co.*, 9 Am. St. Rep. 216, 234 (see also note on page 234); *Ins. Co. v. Harvey*, 82 Va. 949; *Ins. Ass'n v. Matthews*, 65 Miss. 301; 17 Ins. Law Journal, 709; *Ins. Co. v. Caphart*, 109 Ind. 270; *Vielle v. Ins. Co.*, 96 Am. Dec. 83; *Harwitz v. Ins. Co.*, 93 Am. Dec. 321; reported also 40 Mo. 557; *Ins. Co. v. Harvey*, 5 S. E. Rep. 553; *Lamberton v. Ins. Co.*, 39 N. W. Rep. 76; *Ins. Co. v. Caphart*, 8 N. E. Rep. 287; *Ins. Co. v. Staats*, 102 Pa. St. 529; *Ins. Co. v. Wise*, 106 Pa. St. 20; *Ins. Co. v. Ice Co.*, 36 Md. 102; May on Ins., par. 511; *Ins. Co. v. Ice Co.*, 11 Am. Rep. 469; 39 N. W. Rep. 86; 5 S. E. Rep. 553.

*Fyke, Yates & Fyke* for respondent.

(1) A principal has the right to limit the authority of the agent, and when so limited the principal is not bound by any act of the agent in excess of his authority. *Mensing v. Ins. Co.*, 36 Mo. App. 602; *Barnard v. Ins. Co.*, 38 Mo. App. 114; *Sprague v. Ins. Co.*, 49 Mo. App. 423; *Shoup v. Ins. Co.*, 51 Mo. App. 286; *Jenkins v. Ins. Co.*, 58 Mo. App. 210; *O'Brien v. Ins. Co.*, 31 N. E. Rep. 265; *Kirkman v. Ins. Co.*, 57 N. W. Rep. 952; *Ins. Co. v. Fletcher*, 117 U. S. 529. (2) The company may as effectually limit the authority of its adjuster as of any other agent. *Kirkman v. Ins. Co.*, *supra*. (3) Nor does *Loeb v. Ins. Co.*, 99 Mo. 50, stand in the way of our contention. There the

condition as to making proofs was not a part of the "contract," because printed on the back of the policy and not made a part of same so far as the record before the court revealed. This is not the case here. Here the policy in appropriate words makes the condition as to proofs a part of the "contract."

GILL, J.—This is a suit on an insurance policy executed by the defendant and covering plaintiff's livery stable, which was, during the life of the policy, destroyed by fire. The defense interposed was the failure of the plaintiff to make proofs of loss within the time required by the policy. Plaintiff relied on a waiver of this stipulation.

Clauses 6 and 7, appearing on the face of the policy, read as follows:

"6. It being understood and agreed, that all proceedings after a loss shall be in accordance with the terms and stipulations printed on the back of this policy, which are hereby declared to be a part of this contract, and are to be resorted to in order to determine the rights and obligations of the parties hereunto.

"7. No agent has power to waive any condition of this contract."

On the back of the policy, appeared the following:

"PROCEEDINGS IN CASE OF LOSS.

"In case of loss, the assured shall give immediate notice in writing thereof to this company, and shall, within thirty days after the happening of such loss, render to this company a particular account of said loss, under oath, stating," etc.

At the trial, the plaintiff offered evidence tending to prove that the defendant, by its agent, waived the making of proofs of loss within the time named in

the foregoing stipulation; but, on defendant's objection, such evidence was excluded. Thereupon, plaintiff took a nonsuit with leave; and after an unsuccessful motion to set same aside, appealed to this court.

The sole question is, whether or not the plaintiff was entitled under the terms of the policy, to prove that the defendant's agent had waived the timely production of the proofs of loss. It was claimed by the defendant, and the point was so ruled by the trial court, that plaintiff was precluded from so doing, by virtue of clause number 7 of the policy, to wit: "No agent has the power to waive any condition of this contract."

The circuit court committed error. Its ruling was in direct conflict with that of the supreme court in *Loeb v. American Central Insurance Co.*, 99 Mo. 50. The terms of the policy there construed were identical with those we have here. That was an action against this same defendant, and doubtless the same form of contract was in use. Speaking of the above quoted restriction on the power of the agent, to waive any condition of the policy, the supreme court said: "It has no reference to the stipulation printed on the back to the effect that the proof of loss must be furnished to the company within thirty days. The words, 'any condition of the contract,' have reference to those stipulations which are a part of, and necessary to give validity to, the contract of insurance, and not to those matters which are to be performed after there has been a loss, such as giving notice and furnishing a verified account of the loss."

Defendant's counsel seek to avoid the controlling effect of the above noted decision, by suggesting that, "There the condition as to making proofs was not a part of the contract, because printed on the back of the policy, and not made a part of the same, so far as the

record before the court revealed; while here the policy, in appropriate words, *makes* the condition as to proofs a part of the contract."

In that, the learned counsel are clearly in error. The court, in the *Loeb case*, had before it the same provisions we have here, and Judge BLACK makes special mention thereof in the opinion. In that case it is not disputed, but admitted, that the stipulations on the back of the policy are parts of the contract. They are made so by express reference contained in the body of the policy, and whether appearing on the face of the policy, or printed on the back, can neither add to nor detract from the contractual force of these stipulations. The point is that while these stipulations relating to what proceedings shall be had after loss occurs, are parts of the policy, yet they are not within the designation of "conditions," which the above quoted clause intended should not be waived by the agent.

In tracing the doctrine announced in the *Loeb case*, I find it supported by *Rokes v. Ins. Co.*, 51 Md. 512 (cited by Judge BLACK); *Franklin Fire Ins. Co. v. Ice Co.*, 36 Md. 102; *Blake v. Ins. Co.*, 12 Gray, 265–272; *Wheaton v. Ins. Co.*, 76 Cal. 415–428.

In quite all these cases, too, it will be seen that the stipulations of what the assured shall do after loss, are placed in the body of the policy; and, notwithstanding this, the same rule is applied as was adopted in *Loeb v. Ins. Co., supra.*

In our opinion, the circuit court erroneously excluded the evidence offered by the plaintiff. The judgment, therefore, will be reversed, and cause remanded. All concur.