GEORGE C. BOLAN *et al.*, Respondents, v. THE FIRE ASSOCIATION OF PHILADELPHIA, Appellant.

Kansas City Court of Appeals, May 18, 1896.

Appellate Practice: AFFIRMANCE. This case is affirmed on authority of the opinion in the former appeal. 58 Mo. App. 225.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

It is well settled, we believe, that an agent with power to receive proposals for insurance, to countersign, issue and deliver policies, to receive premiums, and fix rates of premium, has no power to waive proofs of loss. *McCollum v. Ins. Co.*, decided by St. Louis court of appeals, February 25, 1896, not yet reported; *Ins. Co. v. Kennerly*, 31 S. W. Rep. 155; *Bowlin v. Ins. Co.*, 37 N. W. Rep. 859, 36 Minn. 433; *Bush v. Ins. Co.*, 63 N. Y. 531; *Marvin v. Wilber*, 52 N. Y. 270; *Smith v. Ins. Co.*, 15 Atl. Rep. 352, 60 Vt. 682; *Kyte v. Assurance Co.*, 10 N. E. Rep. (Mass.) 518; *Barre v. Ins. Co.*, 41 N. W. Rep. 373, 76 Iowa, 609; *Hollis v. Ins. Co.*, 21 N. W. Rep. 74, 65 Iowa, 454; *Lohnes v. Ins. Co.*, 121 Mass. 439; *Ermentraut v. Ins. Co.*, 64 N. W. Rep. 635 (Minn. Dec. 24, 1895); *Harrison v. Ins. Co.*, 59 Fed. Rep. 732; *Wilhelm v. Ins. Co.*, 53 N. W. Rep. 233; *Van Genechtin v. Ins. Co.*, 39 N. W. Rep. 881; *McCollum v. Ins. Co.*, 61 Mo. App. 352; *McCollough v. Ins. Co.*, 113 Mo. 606.

*George B. Strother* for respondent.

All corporations act by and through agents; and the acts of their agents bind the corporation, if done with apparent authority. "The source of the powers of an agent are threefold. *First.* Powers expressly granted by his principal. *Second.* Powers which are implied from the known usages of trade or business, and of which courts take judicial notice. *Third.* Powers which arise upon a principle of estoppel, by the act or neglect of the principal in suffering its agent to hold himself out as possessing certain powers which have not in fact been conferred upon him. To these may be added a fourth consideration, that the acts of an unauthorized agent may be adopted by a subsequent ratification by his principal." *Shoe & Clo. Co. v. Iron Works*, 51 Mo. App. 70. A local agent with general powers such as "authority to sign a policy is sufficient authority to adjust the loss" (2 Greenleaf on Evidence [13 Ed.], sec. 66, p. 54; *Ib.* [13 Ed.], sec. 406, p. 365) "or waive proof of same," is now the thoroughly settled law in this state. *Loeb v. Ins. Co.*, 99 Mo. 50, 56, 58; *McCollough v. Ins. Co.*, 113 Mo. 614, 619; *Parks Case*, 26 Mo. App. 511; *Arnold v. Ins. Co.*, 55 Mo. App. 153–156; *Fulton v. Ins. Co.*, 51 Mo. App. 462; *Bolan v. Ins. Co.*, 58 Mo. 225, 235. In all these cases local agent was instrumental in waiving proof. *McCollough v. Ins. Co.*, 113 Mo. 606; Wood on Fire Insurance [2 Ed.], sec. 510, p. 866, and authorities cited in subdivision 1 of IV; *Parks v. Ins. Co.*, 26 Mo. App. 511, 532, 536; 2 Am. and Eng. Encyclopedia of Law, 331–333; *Railroad v. Ins. Co.*, 105 Mass. 570; *Nicholson v. Golden*, 27 Mo. App. 132–155; *Jackson v. Ins. Co.*, 57 Mo. App. 62–73; *Anthony v. Ins. Co.*, 48 Mo. App. 73; *Barnard v. Ins.*

Co., 38 Mo. App. 113; *Loeb v. Ins. Co.*, 99 Mo. 55, 56; *Okey v. Ins. Co.*, 29 Mo. App. 114; *Poter v. Ins. Co.* 62 Mo. App. 520–530; *Summers v. Ins. Co.*, 45 Mo. App. 46; *Loeb v. Ins. Co.*, 39 Mo. App. 156; *Hogard v. Ins. Co.*, 53 Mo. App. 102, case cited; *McCullough v. Ins. Co.*, 113 Mo. 606, 619; *Bank v. Armstrong*, 92 Mo. 265; *McKay v. Underwood*, 47 Mo. 187; *McDonahue v. Nicholson*, 46 Mo. 35; *Miller v. Krump*, 61 Mo. 347.

SMITH, P. J.—The case disclosed by the present record is an exact counterpart of that between the same parties reported in 58 Mo. App. 225. The evidence here does not differ in any material particular from that there stated. The two cases are in no way distinguishable. The issue of waiver of the proofs of loss was submitted to the jury under an instruction for plaintiffs that strictly conformed in its enunciation to the view expressed by us when the cause was here on the former appeal. That ruling was greatly influenced by that of the supreme court in *Loeb v. Ins. Co.*, 99 Mo. 50. The defendant has called our attention to no case in this state that in the slightest degree impugns the ruling in the latter cause. The two courts of appeal, so far as they have the power to do so, have established the law in this state to the effect that an agent with power to receive proposals for insurance, countersign, issue and deliver policies, receive premiums, and fix rates of premium, has no power to waive proofs of loss. *McCullom v. Ins. Co.* (not yet reported); *Nickells v. Ins. Co.* (transf. to supreme court). And the numerous cases cited by the defendant from other jurisdictions, decide no more than is ruled in the appellate court cases just referred to.

Conceding the defendant's contention that under the law the local contracting agent of an insurance

company has no implied authority to waive proofs of loss, still this concession does not, under *Loeb v. Ins. Co.*, destroy plaintiff's case. More need not be said here, since every point of objection now urged by the defendant is fully answered by the rulings made on the former appeal.

The judgment must be affirmed. All concur.

