# THE CITIZENS' MUTUAL FIRE INSURANCE COMPANY *vs.* THE CONOWINGO BRIDGE COMPANY.

*Fire Insurance—Plea Amounting to the General Issue—Evidence—Waiver of Provision as to Time of Filing Proofs of Loss—Legal Sufficiency of Evidence—Statement as to Interest of the Insured—Non-Disclosure of Mortgage—Measure of Damages—When Proof of Loss Requisite, as Well as Notice.*

In an action on a fire insurance policy, a demurrer lies to special pleas setting forth that the plaintiff had failed to comply with conditions of the policy requiring proof of loss to be furnished; that at the time the policy was issued, the interest of the plaintiff in the property was not that of sole owner, and that the policy was void because there was then a mortgage on the property which was not disclosed. These defenses are all available under the general issue plea.

When a policy of insurance, the cause of action, is set out in the declaration according to its legal effect, it is admissible in evidence.

When the question is whether the defendant insurance company had waived a provision of the policy relating to proofs of loss, the plaintiff may testify that he received no answer from the defendant concerning the proofs sent to it, and may also offer in evidence the correspondence between his attorney and the defendant concerning the proofs.

An insurance company will be held to have waived strict compliance with the stipulation of the policy relating to proofs of loss when its acts or omissions are such as to induce the insured to believe that exact performance of the condition would not be required.

A policy of fire insurance issued by the defendant company on a bridge over a river provided that in the event of a fire, the insured should give immediate notice of any loss to the company, and within thirty days after the fire render a sworn statement concerning the time and origin of the fire, the amount of the loss, the interest of the insured, and all other insurance on the property. Two days after the destruction of the bridge by fire, the insured sent to the company a notice to the effect that the bridge had been entirely consumed, and stating the amount of other insurance on it. More than thirty days after the fire, formal proofs of loss were sent, and then the insured wrote to the defendant saying that certain other companies desired to arbitrate the question of the value of the bridge and asked if the defendant desired to participate in the arbitration. No answer was received to any of these communications. The insured afterwards wrote asking when an adjustment would be made, to which the President of the defendant replied that he would take up the matter later. Subsequently, the defendant alleged that no proofs of loss had been submitted according to the terms of the policy. *Held,* that the evidence is legally sufficient to authorize the jury to find that the defendant had waived the provision requiring formal proofs of loss to be furnished within thirty days after the fire.

A policy of fire insurance provided that if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if the interest of the insured in the property be not truly stated therein, the entire policy shall be void. *Held,* that the existence of a mortgage on the property not disclosed at the time of issuing the policy, does not render it void under this provision, since the mortgagor is the substantial owner of property covered by a mortgage, and this provision relates to the interest of the insured and not to his title or to encumbrances.

When property covered by different policies of insurance has been wholly destroyed, and the value of that part covered by defendant's policy exceeds the total amount of the insurance thereon, then the insured is entitled to recover the full amount issued under the defendant's policy.

The fact that the insured sent to the insurer a notice that the property insured has been totally destroyed by fire does not relieve him from the necessity of furnishing sworn proofs of loss stating encumbrances, and other insurance thereon, as required by the policy, since both notice and proofs are made conditions of recovery and are required for different purposes.

*Decided June 22nd, 1910.*

Appeal from the Court of Common Pleas of Baltimore City (ELLIOTT, J.).

*Plaintiff's 1st Prayer.*—If the jury find from the evidence in this case that the defendant made the policy of insurance offered in evidence, and delivered the same to the plaintiff, and if they further find that the property described in said policy, to wit: That part of Main Conowingo Bridge across Susquehanna River located in Cecil County, was totally destroyed by fire on or about the 5th day of June, 1907; and that the plaintiff did give and the defendant did receive on the 8th day of June, 1907, the notice of said fire, dated the

8th day of June, 1907, offered in evidence, and if they further find from the evidence that said notice was made out and sent with reasonable dispatch under the circumstances mentioned in the evidence after the occurrence of said fire; and if they further find from the evidence that the plaintiff did render and furnish and the defendant did receive the proof of loss offered in evidence, if the jury find said proof of loss, on or about the 6th day of August, 1907; and if the jury find from the evidence the letters from Thomas H. Robinson addressed to W. T. Warburton, the President of the defendant, dated July 30th, 1907, October 14th, 1907, January 2nd, 1908, January 4th, 1908, and January 11th, 1908, and that they were received by the said W. T. Warburton and that said W. T. Warburton was the President of the defendant, and if they further find the letters of said W. T. Warburton to said Thomas H. Robinson offered in evidence and dated October 26th, 1907, and January 3rd, 1908; and that said letters were received by said Thomas H. Robinson; and further find that said Thomas H. Robinson was authorized by the plaintiff to collect from the defendant the amount claimed by the plaintiff to be due it under the policy of insurance offered in evidence in this case, if the jury find said policy, then the jury may find from said letters and evidence in this case that the defendant waived the provision of the policy requiring the proof of loss to be filed in thirty days from the date of the fire, and the verdict of the jury may be for the plaintiff; even though the jury may find from the evidence that said proof of loss was not rendered by the plaintiff and not received by the defendant within thirty days from the date of the fire mentioned in the evidence. (*Granted.*)

*Plaintiff's 2nd Prayer.*—If the jury find from the evidence in this case that the defendant made the policy of insurance offered in evidence, and delivered the same to the plaintiff; and if they further find that the property described in said policy and mentioned in the evidence, to wit: That

part of Main Conowingo Bridge across Susquehanna River located in Cecil County, was totally destroyed by fire on or about the 5th day of June, 1907, and that the plaintiff did give the defendant, and the defendant did receive, on the 8th day of June, 1907, the notice of said fire dated the 8th day of June, 1907, offered in evidence, and if they further find that said notice was made out and sent to the defendant with reasonable dispatch under the circumstances mentioned in the evidence after the occurrence of said fire; and if they further find from the evidence that the cash value of said Main Conowingo Bridge exceeded the total amount of insurance in force on said Main Bridge, at the time of said fire, then the plaintiff is entitled to recover in this action and the verdict of the jury may be for the plaintiff. (*Granted.*)

*Plaintiff's 3rd Prayer.*—The plaintiff prays the Court to instruct the jury that if their verdict is for the plaintiff, they must in estimating the damages find from the evidence the actual cash value of the whole property destroyed by the fire as given in evidence, and if the jury shall find that the whole loss of the plaintiff exceeded in amount the whole amount of insurance as shown by the evidence on the property destroyed by the fire, then their verdict should be for the full amount insured under the policy in suit, together with interest thereon, in the discretion of the jury. (*Granted.*)

*Defendant's 1st Prayer.*—That the plaintiff has offered no evidence legally sufficient to prove that within thirty days after the happening of the fire mentioned in the declaration it furnished to the defendant preliminary proof of its alleged loss by said fire, as prescribed by the conditions of the policy sued on and read in evidence, and that no evidence has been offered legally sufficient to show that the failure of the plaintiff to furnish to the defendant preliminary proof of its alleged loss within thirty days after the fire was waived by the defendant, and that therefore their verdict must be for the defendant. (*Refused.*)

*Defendant's 2nd Prayer.*—If the jury shall find that at the time the policy was issued there was outstanding a mortgage executed and delivered by the plaintiff, bearing date October 1, 1904, to the Colonial Trust Company of Baltimore to secure a bonded indebtedness of the plaintiff company to the extent of $15,000, and that the plaintiff did not at the time said policy was issued state the existence of such outstanding mortgage, then such failure of the plaintiff to state the existence of such outstanding mortgage on the property covered by the policy was a violation of the condition of the policy in the words and figures following: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein"; and accordingly the plaintiff is not entitled to recover and the verdict must be for the defendant. (*Refused.*)

*Defendant's 3rd Prayer.*—That the plaintiff has offered no evidence legally sufficient to show that the loss sustained by it by the fire shown by the evidence exceeded the total amount of insurance held by the plaintiff on the property covered by the policy sued on, and that therefore the plaintiff can recover no more than the pro rata contribution of the defendant on the policy sued on to the total insurance of the plaintiff on the property covered by the policy sued on. (*Refused.*)

The cause was argued before BOYD, C. J., BRISCOE. PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER. JJ.

*W. Calvin Chesnut* (with whom were *Gans & Haman* on the brief), for the appellant.

*Thomas H. Robinson* and *Shirley Carter* (with whom was *Wm. H. Harlan* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

It appears from the docket entries in this case that the suit was instituted in the Circuit Court for Cecil County on the 11th day of April, 1908, and upon suggestion of the plaintiff was on the 21st of September, 1908, removed to the Circuit Court for Baltimore County for trial. Subsequently, on the 8th of January, 1909, it was removed upon the suggestion of the defendant to the Court of Common Pleas of Baltimore City. On the 16th of January, 1909, a judgment by default for want of a plea was entered in favor of the plaintiff, but on the 22nd of July, 190J, this judgment was stricken out, with leave to the defendant to plead. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed.

The declaration consists of a single count based on a policy of fire insurance, and this in substance charges that the defendant, the Citizens' Mutual Fire Insurance Company of Cecil County, a body corporate, on the 28th day of March, 1907, by its policy of insurance issued as of that date and in consideration of the stipulation therein named and of the payment of one dollar and fifty cents as a premium promised and agreed with the Conowingo Bridge Company, a corporation, to insure it subject to the conditions therein named and during the period commencing on the 28th day of March, 1907, to the 10th day of February, 1912, to the extent of three thousand dollars ($3,000), against all direct loss or damage by fire on that part of main Conowingo Bridge across Susquehanna River located in Cecil County.

The loss when it did occur the Insurance Company agreed subject to the terms of the policy to pay to the plaintiff within ninety days after due notice, ascertainment, estimate and *satisfactory proof of loss* was received. The declaration then avers that on the 5th day of June, 1907, and during the time prescribed in the policy, the bridge therein described and owned by the plaintiff was consumed and totally destroyed by fire, that forthwith the plaintiff did give notice thereof

to the defendant company and furnish the proof of loss required, and offered and tendered itself ready and willing to furnish such other proof as the defendant's officers and agents should reasonably demand, and the plaintiff did thereupon demand of the defendant the payment of the amount for which it was insured under the policy, which demand the defendant has neglected and refused to pay and perform; that such fire and such consequent loss were not such as were by the policy of insurance excluded from its operation and effect, but were such as were reasonably and legitimately included within the provisions of the policy of insurance of the defendant, and that all times have elapsed and all things and conditions have happened and have been performed, which, under the terms of the policy of insurance, were necessary to have elapsed and to have been performed to entitle the plaintiff to the payment and to have and maintain this action.

The defendant rested its defense to the suit upon seven pleas. In addition to the general issue pleas in assumpsit and in debt, there were five special pleas to the declaration. The third and fourth pleas are not insisted upon, but it is contended that the Court below committed an error in sustaining the plaintiff's demurrers to the fifth, sixth and seventh pleas. The fifth plea alleged the failure of the plaintiff to comply with the condition of the policy requiring the furnishing of proofs of loss. The sixth, averred a breach of the condition and provision of the policy, in that, at the time of the issuing of the policy sued on the interest of the plaintiff in the property was other than unconditional and sole ownership and the property insured was a building or bridge not owned by the plaintiff in fee simple. The seventh plea asserted that the policy under its terms had been forfeited and was void because at the time of its issue there was an outstanding mortgage on the property insured, the existence of which was not disclosed by the plaintiff to the defendant.

We have examined the pleadings with care and find no reversible error in the rulings of the Court thereon, and the demurrers were properly sustained. They in effect amounted to the general issue plea, which had been filed in the case. The rule is well settled that all defenses are open under the general issue plea which show the plaintiff is not entitled to recover. *Herrick* v. *Swomley,* 56 Md. 456; *Thorne* v. *Fox,* 67 Md. 67.

The sixth and seventh pleas also asserted an erroneous proposition of law, that the existence of the undisclosed mortgage on the property rendered the policy void, and will be more fully discussed in connection with the defendant's second prayer.

At the trial of the case the defendant (appellant here) reserved eight exceptions, seven to the rulings of the Court upon the evidence and the eighth to the rulings of the Court in granting the plaintiff's three prayers, in rejecting the defendant's three prayers and in overruling the defendant's special exception to the plaintiff's third prayer. These prayers will be set out by the reporter in full in the report of the case.

The questions of law in the case are presented on these rulings and we shall now dispose of them in their regular order.

The first exception is based upon the refusal of the Court to exclude the policy of insurance as evidence. The policy had been set out in the declaration according to its legal effect, and there could have been no possible objection to the admissibility of the policy as evidence. In *Prudential Ins. Co.* v. *Devoe,* 98 Md. 588, it was said, the policy of insurance was the basis of the action and was properly admitted as evidence. It was in effect alleged in the pleadings and not having been denied by the next succeeding pleading it was admitted for the purpose of the action. Art. 75, sec. 24, sub-sec. 108, *Code Public General Laws; Caledonian Ins. Co.* v. *Traub,* 80 Md. 215.

The second exception was taken to the action of the Court in permitting the witness, Harlowe, who was treasurer and chairman of the Executive Committee of the plaintiff company to answer the following question: "Q. Did you ever receive any letter or other communication from the Citizens' Mutual Fire Insurance Company, of Cecil County, the defendant, that the paper you sent then as proof of loss was not correct or was in any way not in proper form or that it had not been filed in time?" This we think, was a proper question, because the answer of the witness, "that he never received any communication at all from the defendant on the subject," was competent evidence relating to the question of waiver, and tended to support the plaintiff's theory that the defendant had waived the condition of the policy, requiring the proofs of loss to be furnished within thirty days. *Hartford F. Ins. Co.* v. *Keating,* 86 Md. 130; *M. & M. Trans. Co.* v. *Eichberg,* 109 Md. 228.

The third, fourth, fifth and sixth exceptions were taken to the admissibility in evidence of certain letters (which are fully set out in the exception), which had passed between Mr. Thomas H. Robinson, the attorney for the plaintiff and Mr. Wm. T. Warburton, the president of the defendant company. This correspondence began on the 30th of July, 1907, and the last letter appears to have been written on the 11th of January, 1908. They all related to the subject-matter of the controversy and to the question of waiver. We entertain no doubt of the correctness of the rulings upon these exceptions.

It is well settled that when an insurer does that which is inconsistent with its intention to insist upon a strict compliance with the conditions precedent of the contract, it is treated as having waived their performance. *McElroy* v. *Insurance Co.,* 88 Md. 150; *Continental Ins. Co.* v. *Reynolds,* 107 Md. 96; *Firemans Ins. Co.* v. *Floss & Co.,* 67 Md. 417; *Caledonian Ins. Co.* v. *Traub,* 80 Md. 222; *Hartford*

*Fire Insurance Co.* v. *Keating,* 86 Md. 130; *Rokes* v. *Amazon Ins. Co.,* 51 Md. 512.

In the recent case of *Bakhaus* v. *Caledonian Insurance Co.,* 112 Md. 676, the cases in this State and elsewhere are carefully reviewed and fully considered by JUDGE THOMAS upon the application of the doctrine of waiver. It was there said, the rule is well settled that the question of waiver in any case must depend upon the facts and circumstances of the case, under review. Any acts or conduct of the insurer, or its representatives, that are, under the circumstances, calculated to mislead the insured and to induce him to believe that performance of the condition will not be required, or that proofs of loss would be ineffectual and nugatory, will, if he is thereby misled, amount to a waiver.

The seventh bill of exception relates to the ruling of the Court in admitting in evidence the proofs of loss, dated the 5th day of August, 1907. This evidence, we think, was clearly relevant to the issue, under the facts of the case, and for the reasons stated there was no error in its admission. The defendant, however, subsequently made the proof of loss evidence in the case, by calling the witness Harlowe, and asking him as to the truth of the statements set out therein and that there was a mortgage on the property, at the date of the issuing of the policy.

The questions upon the pleadings and the evidence having been disposed of, we come now, in conclusion, to the rulings of the Court on the prayers, and upon the several propositions of law contained and brought up on the eighth and the last exception. These questions of law, as stated by the appellant in its brief, are involved in the following propositions: First, the effect of the failure to file the proofs of loss, within the time required by the policy, and whether there was any waiver of this requirement. Second, the effect of the existence undisclosed of the mortgage on the bridge; and third, as to the effect, of the *pro rata* clause in the policy, as

applied to the facts of this case, concerning the other insurance on the property.

It will be seen that the policy of insurance was issued on the 28th day of March, 1907, and covered that part of main Conowingo bridge across the Susquehanna river, located in Cecil County. The main bridge was 1,328 feet in length, extending across the Susquehanna river, from the Harford County bank of the river to the Cecil County bank, and according to a report of the Commissioners under the Act of 1829, 799 feet of the main bridge were in the limits of Harford County and 529 feet in Cecil County. The whole of the main bridge was totally consumed or destroyed by fire on the 5th of June, 1907.

There is a provision in the policy to the following effect: If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and within thirty days after the fire unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession or exposure of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire; and shall furnish, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged, and shall also, if required,

furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify.

It is admitted, that the following notice of loss, dated the 8th of June, 1907, was sent by the plaintiff company and received by the defendant corporation, and that the "proof of loss," was mailed on August 5th and received by the Insurance Company on August 6th, 1907:

NOTICE OF LOSS.

CONOWINGO, MD., June 8, 1907.

CHARLES E. WARBURTON, ESQR.,
 Secretary Citizens' Mutual Fire Ins. Co.
  of Cecil County.

DEAR SIR:

I hereby notify you that the main structure of the Conowingo Bridge Co., located in Cecil and Harford Counties, was entirely consumed by fire about midnight of the 5th inst. The insurance will only partially cover the loss and is placed in the following companies, to wit:

| | |
|---|---:|
| Citizens' Mutual Fire Insurance Co. of Cecil Co.. ...| $3,000 |
| Mutual Fire Insurance Company in Harford Co...... | 3,000 |
| Commercial Union Assurance Co., Limited, of London. | 5,000 |
| Home Insurance Co. of New York................. | 10,000 |
| | $21,000 |

   Very truly,
    CHAS. R. McCONKEY,
     Secretary.

It also appears from the proof that on July 30th, 1907. Mr. Robinson, the counsel for the appellee, in whose hands this policy of insurance together with the others held by the company had been placed for collection, wrote the following letter to Mr. W. T. Warburton, president of the defendant company:

"The Home Insurance Company of New York and the Commercial Union Assurance Company, in which the Conowingo Bridge was insured for $15,000 in all, desire to arbitrate the question of the value of the bridge. Why, I do not know, but as they have the right to do it the Bridge Company does not object, as the loss is far more than the amount of the insurance. But before agreeing to arbitrate, I suggested to Mr. Albert G. Hancock, the representative of the stock companies, that I would find out if the Harford Fire Insurance Company and your Company desired to have the question of values arbitrated. Of course the expense of the arbitration would have to be paid by the companies participating. I notified the Harford Fire Insurance Company of the desire on the part of the stock companies to arbitrate values, and they told me they did not care to go to that expense, as their representative felt satisfied that the loss was far above the amount of the insurance, and that they intended to pay the $3,000 for which they were responsible next Monday. I therefore would thank you to advise me at the earliest possible date whether or not your Company desires to participate in this arbitration."

The record does not show that the appellant made any reply to this letter, or to the notice of loss, or the proofs of loss, received by it, so on the 14th of October, 1907, Mr. Robinson wrote again to Mr. Warburton, the President of the company: "The directors of the Conowingo Bridge Company, requested me to ask you when they can expect an adjustment of the insurance amounting to $3,000 in your company on the bridge that was recently destroyed by fire. Kindly let me hear from you and oblige." On the 26th of October, 1907, a reply to this letter was received, as follows:

"Your letter of the 14th inst., in reference to the insurance on Conowingo Bridge, was duly received at my office. I have been almost constantly away from home, and I will not be able to take this matter up with you until after the election; at that time I will write you fully upon the subject.

Yours truly,

W. T. WARBURTON."

No further action appears to have been had in relation to the matter until the 2nd day of January, 1908, when the following letter was written by Mr. Robinson to Mr. Warburton:

"I had forgotten, until again reminded by the Directors of the Conowingo Bridge Company, to take up with you the matter of the adjustment of the insurance of the Conowingo Bridge under policy 1,392 in your Company.

"Kindly let me hear from you as to when we may expect a settlement of this matter, and wishing you the compliments of the season, and with kind regards, I remain."

The reply of Mr. Warburton to this letter is dated the 3rd day of January, 1908, and is as follows:

"Your letter has just been received in regard to the claim of the Conowingo Bridge Company, for insurance. There is no proof of loss submitted by the Company according to the terms of its policy, and the directors have nothing to act upon."

Upon the proof set out in these letters and the other evidence in the case, we think there was ample evidence to constitute a waiver, and the Court committed no error in granting the plaintiff's first prayer, which instructed the jury that if they find the facts set out in this prayer, then they may find from said letters and the evidence in the case that the defendant waived the provision of the policy requiring the proof of loss to be filed in thirty days from the date of the fire, and the verdict of the jury may be for the plaintiff, even though the jury may find from the evidence that the proof of loss was not rendered by the plaintiff and not received by the defendant within thirty days from the date of the fire mentioned in the evidence.

The defendant's first prayer asserted the converse of the plaintiff's prayer, and for the reasons stated was properly rejected.

The defendant's second prayer contained the proposition that the policy was avoided by reason of the existence of an

undisclosed mortgage on the property at the time of the issuing of the policy, and the jury were, in effect, so instructed by this prayer.

While this precise question may not have been determined in this State, the principle applicable to it has been settled in a number of cases.

The clause of the policy here for construction is as follows: "If the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if the subject of insurance be personal property and be and become encumbered by a chattel mortgage, or if the *interest of the assured* in the property be not truly stated therein, the entire policy shall be void."

The precise term used in the policy here in dispute is, "the interest of the insured in the proeprty," and not the title, and we are of the opinion, where the policy contains such a clause that the existence of a mortgage on real estate, even if it is undisclosed at the time of the issuing of the policy, will not render the policy void; and this is so both upon reason and authority.

In *Washington Fire Insurance Co. v. Kelly*, 32 Md. 448, it is said: "In the first place, it is to be observed that it is not title, but interest, that is spoken of * * *. For every purpose of insurance, and fully within the reasoning of CHIEF JUSTICE MARSHALL, a mortgagor, in possession and before foreclosure, has all that interest upon which underwriters usually rely for protection of the property. There is no reason why disclosure of the existence of the mortgage should have enhanced the premium, for the entire loss in case of fire must fall on the mortgagor, and his interest is pledged to every precaution to avoid the calamity insured against. The whole loss is his, and he still remains liable to the mortgagee for the full amount of the mortgage debt.

"Mortgages are now universally regarded in Courts of Equity as mere securities for the payment of money. The

mortgagor is still the substantial owner of the property. He can sell, convey, devise, or further encumber it, at pleasure, so long as the right of redemption exists. It may be taken for his debts under executions, and conveyances of it must be recorded under our registry laws. * * * If such, then, be the nature and extent of ownership by the mortgagor, if he be the party upon whom the whole loss must fall if the property be destroyed, it may well be said he has not an interest less than absolute within the true intent and meaning of this condition of insurance."

In *Clay Fire Ins. Co.* v. *Beck,* 43 Md. 358, the Court said: "If the company deemed disclosure of encumbrances. essential to the validity of the contract, they should have said so. in plain terms, and not have used language to which doubt was attached."

In *Hartford Insurance Co.* v. *Keating,* 86 Md. 145, the Court held, in construing a similar clause in an insurance policy to the one here before us: "It must be observed that it is not title but interest that is spoken of in the clause. Title and interest are entirely different things. * * * As to the meaning of these words when used in the present connection there seems to be a concurrence of authority. To be 'unconditional and sole' the interest must be completely vested in the assured, not contingent or conditional, nor for years or life only, nor in common, but of such a nature that the insured must sustain the entire loss, if the property is destroyed; and this is so whether the title is legal or equitable."

If the subject of insurance in the case now under consideration had been personal property, a different rule would apply, because the policy provides that if the personal property be or should become encumbered by a chattel mortgage, the entire policy shall be void.

But no such provision can be found in the policy before us in relation to a mortgage of real estate, and the defendant's second prayer was therefore properly rejected.

The cases of *Westchester* v. *Weaver,* 70 Md. 536, *Skinner* v. *Houghton,* 92 Md. 95, and *Farmville Ins. Co.* v. *Butler,* 55 Md. 238, relied upon by the appellant, were decided upon grounds not existing here and cannot be considered as controlling on the facts of this case, and are in no way in conflict. In *Weaver's Case, supra,* the Court was dealing with a warranty in the policy; in *Skinner's Case, supra,* the insured was the vendor of the property, and in *Butler's Case, supra,* the insured was the owner of the leasehold estate. *Richards on Insurance,* secs. 249 and 259; 19 *Cyc.* 694, and 13 *A. & E. Enc. of Law,* 235.

The plaintiff's third prayer, as to the measure of liability under the policy, was properly granted, and there was no error in overruling the defendant's special exception thereto. The prayer is in substance as follows: the jury must in estimating the damages find from the evidence the actual cash value of the whole property destroyed by the fire as given in evidence, and if the jury shall find that the whole loss of the plaintiff exceeded in amount the whole amount of insurance as shown by the evidence on the property destroyed by the fire, then their verdict should be for the full amount insured under the policy in suit, together with interest thereon in the discretion of the jury.

It appears from the proof, the whole of the main bridge was destroyed by fire, and the value of the whole bridge at the time of the fire was $26,000. The whole amount of insurance thereon was $21,000. That 529 feet of the main bridge was within the limits of Cecil County, and this part of the bridge was insured for $3,000, the sum mentioned in the policy. It is quite clear, then, that the whole loss of the plaintiff exceeded in amount the whole amount of insurance on the property destroyed by the fire, and as by the terms of the policy the defendant agreed to indemnify the plaintiff to the extent of three thousand dollars, the plaintiff was entitled to recover the full amount of the policy sued on. *Planters Mut. Ins. Co.* v. *Rowland,* 66 Md. 236.

The defendant's third prayer, which asserted a contrary proposition of law, was properly refused.

It will be necessary to set out in detail the plaintiff's second prayer, and it is as follows:

"The plaintiff prays the Court to instruct the jury, that if they find from the evidence in this case, that the defendant made the policy of insurance offered in evidence, and delivered the same to the plaintiff; and if they further find that the property described in said policy and mentioned in the evidence, to wit: that part of Main Conowingo Bridge across Susquehanna River located in Cecil County, was totally destroyed by fire on or about the 5th day of June, 1907, and that the plaintiff did give the defendant, and the defendant did receive, on the 8th day of June, 1907, the notice of said fire dated the 8th day of June, 1907, offered in evidence, and if they further find that said notice was made out and sent to the defendant with reasonable dispatch under the circumstances mentioned in the evidence after the occurrence of said fire; and if they further find from the evidence that the cash value of said Main Conowingo Bridge exceeded the total amount of insurance in force on said Main Bridge at the time of said fire then the plaintiff is entitled to recover in this action and the verdict of the jury may be for the plaintiff."

The theory upon which this prayer is based, that it was not necessary for the plaintiff to comply with the policy requirements as to proof of loss because the notice of the loss by fire was a substantial compliance therewith, is clearly and manifestly an erroneous proposition of law, as applicable to this case.

Whatever may be the decisions elsewhere, it is settled in this State that conditions requiring proofs of loss when set out in the policy form parts of the contract of insurance and are binding on both parties, and must be complied with unless waived. *Hartford Insurance Co.* v. *Keating,* 86 Md. 149; *Spring Garden Ins. Co.* v. *Evans,* 9 Md. 13; *Ins. Co.* v. *Doll,* 35 Md. 89.

The policy in this case provides in terms and requires both notice of loss and proofs as a condition precedent to recovery and they are for a distinct and separate purpose. *Scottish Union Insurance Co.* v. *Keene*, 85 Md. 263; *Pentz* v. *Ins. Co.*, 92 Md. 450.

The contention of the appellee in the brief is that where there is a total loss of property insured, and notice of that total loss is given to the insurance company promptly, and where the fact can be easily verified from the nature of the property insured, no formal proof is reasonably necessary at a later date, and therefore the insured is not bound by law to furnish it, and that the property in this case covered by the policy, being a public bridge, a prominent single object, it was not within the provisions of the policy, as to proofs of loss, and that the requirements of the policy in this respect were fully complied with in the notice of loss sent to the company and received by the insurance company before the expiration of the time required by the policy.

The law upon this subject is thus stated in 13 *A. & E. E. of Law,* 2nd Ed. 337: "In case the insured property is wholly destroyed, if it is specifically described in the policy no further statement of the property is required. This is especially true in case of valued policies upon a single building or structure. Here it is enough to give notice of a total loss, if there is nothing to indicate that proofs will be necessary or useful to the insurer in determining its rights or ascertaining its liability. But if proofs are required for other purposes as well as for a description of the property on which loss is claimed, as, for example, to show the ownership of the property, or that the loss is *bona fide,* then proofs will be necessary, although the subject of insurance is a building under a valued policy and it is wholly destroyed."

From an examination and comparison of the notice of loss in the case at bar in connection with the requirements of the policy as to the proofs of loss, it will be seen that it cannot be regarded as a substantial compliance with the requirements

of the proofs of loss. It was specially defective in not being sworn to and did not state the encumbrance on the bridge, two of the special requirements of the policy. 19 *Cyc.* 850.

In *Farmers' Fire Ins. Co.* v. *Mispelhorn,* 50 Md. 180, it was said as to a somewhat similar provision: it "is such as the parties were competent to make, and having made it a part of their contract the Courts have no dispensing power over it. Unless, therefore, it be shown to have been waived by the party entitled to the benefit of it, it must be enforced as any other provision of the contract."

In this case the proofs may have been required for other purposes than description and valuation. 19 *Cyc.* 850, 851, 852.

The rule here contended for by the plaintiff has no application to this character of case or the policy here in dispute.

We, therefore, hold that the granting of the plaintiff's second prayer, which permitted a finding for the plaintiff, even though the jury did not find either the furnishing of the proofs of loss at all or any waiver thereof by the defendant, was prejudicial error.

The prayer ignored the question of waiver and the proofs of loss, and the jury were told by it that if they find the facts set out in the prayer, and find that the plaintiff gave the defendant and the defendant did receive on the 8th of June, 1907, the notice of the fire offered in evidence, then the plaintiff was entitled to recover in the action, and their verdict may be for the plaintiff.

We think there was error in granting this prayer, and for this error the judgment will be reversed and a new trial will be awarded.

*Judgment reversed and a new trial awarded, with costs.*