# CONTINENTAL INSURANCE COMPANY

## *vs.*

## JOHN J. BURNS.

*Insurance—Waiver of Proofs of Loss—Action on Policy—Variance—Instructions—Misdescription in Policy.*

In an action on an insurance policy, evidence of waiver of the proofs of loss, required by the policy, does not involve a variance from a declaration averring compliance with all the conditions of the policy, such averment meaning compliance with all the conditions compliance with which was necessary.    p. 436

Since in Maryland estoppel is not a necessary element of waiver, letters are admissible to show waiver of proofs of loss although not written until after the time for filing such proofs. p. 436

In an action on a policy insuring an automobile against theft, *held* that the court properly refused to declare as a matter of law that the automobile was misdescribed in the policy, there being sufficient evidence on this question to take the case to the jury.    p. 437

Testimony which comes in without objection has the same effect as if legally admissible.    p. 437

In an action on an insurance policy, it was proper to refuse an instruction that there was no legally sufficient evidence under the pleadings to justify a verdict for plaintiff, there being legally sufficient evidence of waiver of proofs of loss, and the grounds of defense, other than failure to file proofs of loss, being such as to render the policy void *ab initio,* which would entitle plaintiff to a verdict for the premium paid by him.    p. 438

*Decided January 16th, 1924.*

Appeal from the Superior Court of Baltimore City (HEUISLER, J.).

Action by John J. Burns against the Continental Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Defendant's prayers were as follows:

*First.*—The defendant prays the court to instruct the jury that if the jury find that the automobile in the possession of the plaintiff has been stolen from its original owner prior to the date when the policy of insurance mentioned in the evidence was placed on an Oldsmobile by the plaintiff, John J. Burns, then, the said John J. Burns is not and was not at the time of taking out the policy or at the time of the loss, the sole and unconditional owner of the said automobile under the terms of the policy and the verdict of the jury shall be for the defendant.

*Second.*—The defendant prays the court to instruct the jury that if the jury find that the plaintiff made his application to the defendant company for insurance on an Oldsmobile, motor No. D-37518, but that, after the theft from Burns, it was discovered (and the jury believe) that the Oldsmobile bought by Burns was a stolen car (that is, had been stolen from some one else before it was sold to Burns), then, even if the jury further find that Burns acted in good faith in applying for insurance on Oldsmobile D-37518, nevertheless, the verdict of the jury shall be for the defendant.

*Third.*—The defendant prays the court to instruct the jury that if the jury find for the plaintiff then the jury shall allow to the plaintiff the reasonable value of the Oldsmobile at the time of the theft, making allowance for depreciation on the automobile from the time bought by the plaintiff until the date of the theft.

*Fourth.*—The defendant prays the court to instruct the jury that by the uncontradicted evidence the plaintiff has

failed to submit the proofs of loss required by the policy and that the verdict of the jury shall be for the defendant.

*Fifth.*—The defendant prays the court to instruct the jury that by the uncontradicted evidence in this case the plaintiff did not furnish to the defendant the proofs of loss required to be rendered by the plaintiff to the defendant under the terms of the policy, and there being no evidence in this case legally sufficient to show any waiver by the defendant of this requirement of the policy, the verdict of the jury must be for the defendant.

*Sixth.*—The defendant prays the court to rule as a matter of law that if the court sitting as a jury finds that the ownership of the car was not sole and unconditional at the time of obtaining the insurance, then the verdict of the court sitting as a jury shall be for the defendant.

*Seventh.*—The defendant prays the court to instruct the jury that no legally sufficient evidence under the pleadings has been offered to justify a verdict for the plaintiff and that the verdict of the jury shall be for the defendant.

*Eighth.*—The defendant prays the court to instruct the jury that from the uncontradicted evidence it appears that there was in the application for the policy a *misdescription* of the automobile; that under the terms of the said policy this *misdescription* renders it impossible for the plaintiff to recover and that the verdict of the jury shall be for the defendant.

*Ninth.*—The defendant prays the court to instruct the jury that from the uncontradicted evidence, it appears that the plaintiff, John J. Burns, was not at the time of writing the policy or at the time of the loss, the sole and unconditional owner of the automobile mentioned in the evidence, and that the verdict of the jury shall be for the defendant.

The cause was argued before Boyd, C. J., Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*George Ross Veazey* and *Hilary W. Gans*, for the appellant.

*Vincent L. Palmisano*, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment on a verdict in favor of the plaintiff in a suit on an automobile policy of insurance against theft.

The facts as shown by the record are substantially as follows:

John J. Burns, the appellee, an appraiser in the Orphans' Court of Baltimore City, in December, 1920, bought from a man named Charles Smithfield, of Alexandria, Virginia, a used car; for which he paid $1,000. The car was an Oldsmobile, which, according to the speedometer, had run 5,000 miles, and which Smithfield represented to be a 1920 model. Burns took out the policy of insurance about six months later from the appellant company through its agent, E. M. Kennedy, at the instance of Kennedy, whose name was stamped on the policy. Among the warranties in the policy is a description of the automobile, including the factory number, D-37518. There is also a condition that, in the event of loss, the assured shall forthwith give notice thereof in writing to the company or to the agent who issued the policy, and within sixty days thereafter, unless such time is extended in writing by the company, shall render a statement to the company signed and sworn to by the assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured and of all others in the property, and it is further provided that failure on the part of the assured to render such sworn statement within sixty days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void. Another condition is that the policy shall be null and void if the interest of the assured in the property be other than unconditional and sole ownership.

The car was stolen on October 14th, 1921. Burns made a report that night to the police department, and assisted the adjuster of the company and the police department in trying to locate the car. He reported the loss to the company two days after the loss through Thomas L. Cowan, an automobile adjuster of the company. He also called up Kennedy, the agent, who referred him to the adjuster. Cowan was in connection with Burns several times, according to Burns' testimony. He further testified that the factory number, D-37518, appearing in the application for the insurance was taken from the title record of the motor commissioner's office, the number having been furnished by Smithfield at the time the application for title was made, and the witness never having looked at the car to see whether that number was there or not; he was not sure whether he or Smithfield actually inserted the number in the application for title; that he took a receipt from Smithfield in which the car was said to be a 1920 model; that witness did not know whether the number D-37518 was correct or not, and that the only person who would know this would be the man who sold him the car.

The record of the commissioner of motor vehicles' office was admitted without objection, showing the number in the application as above, as was also the testimony of Burns as to the number given by Smithfield; and the certificate of title giving the number.

Plaintiff proved by a member of the detective department, without objection, that, five days after the theft was reported over the 'phone, he received a letter from Cowan, the adjuster, reporting the theft, which letter was offered in evidence.

Testimony was offered by defendant tending to show that there was no such number and no such street in Alexandria, Va., as given by Smithfield as his address, and that there was no one living in Alexandria by the name of Smithfield; that an Oldsmobile car No. D-37518 was owned by a man liv-

ing in Texas, and was constantly in his possession during the month of October, 1921, and had been since December 27th, 1919, and that this car had never been in the State of Maryland. The purpose of this evidence was to raise an inference that the insured car was a stolen car. There was no direct evidence tending to prove this.

On the refusal of the company to pay the claim, suit was docketed on the 25th day of May, 1922.

The declaration alleged the taking out of the policy, the loss by theft, the compliance by plaintiff with all the conditions of the policy, and the refusal by the company to pay; and there was filed with it as a part thereof the policy itself. General issue pleas were filed, and the case defended on the following grounds: 1. Breach of warranty as to the description of the automobile. 2. That the automobile sold plaintiff was a stolen car, and, therefore, he was not the sole owner thereof. 3. Failure to give notice in writing of the loss and to file sworn statement within sixty days.

There are four bills of exception, three of which are to rulings on evidence, and one to the ruling on the prayers.

The first three will be considered together. They are to the admission over defendant's objection of three letters, as follows:

"Baltimore, January 5th, 1922.

"Redding & Kennedy,
7th Floor, American Bldg.,
City.

"Gentlemen:

"Mr. John J. Burns, holder of policy No. A-50078 of the Continental Insurance Company, has authorized me to institute proceedings against said company for the loss of his car.

"I understand Mr. Cowan, your adjuster, has taken this matter up, but up to date Mr. Cowan has not seen fit to adjust the same. Unless the same is adjusted within a few days I shall be compelled to institute proceedings.

"Trusting that you will not make it necessary for me to institute proceedings in the matter, I remain,

"Very respectfully yours,

"Vincent L. Palmisano."

"Baltimore, February 7th, 1922.

"Thomas L. Cowan, Adjuster,
        American Building,
                City.

"Dear Sir:

"Some time ago, when talking to you over the phone, you advised me that you would make an appointment in reference to taking up the matter of John J. Burns, who holds a policy of the Continental Insurance Company. Up to this date I have failed to hear from you, so I am writing you to request that you let me hear from you at the earliest possible moment so that I may dispose of this matter.

"Very truly yours,

"Vincent L. Palmisano."

"February 13, 1922.

"Mr. Vincent L. Palmisano,
        343 Calvert Building,
                Baltimore, Md.

                Re: John J. Burns.

"Dear Sir:

"In reference to the above claim, our Insurance Company denies liability on the grounds that the insured's car is not stolen, being in use at the present time in Texas.

"We may further mention that we suggested to Mr. Burns that he get hold of the party he bought the car from, also he might be able to locate him from the Virginia license tags that were on the car when he first took possession of same.

"Yours truly,

"Auto Adjuster."

One of the defenses in this case was failure by plaintiff to file proper proofs, required to be filed in sixty days.

There was no error in admitting these letters, if it was permissible to offer proof of waiver under the pleadings in the case. Appellant contends that the offer of such proof was a variance, as the narr. alleged performance by plaintiff. We do not regard this as a variance. The allegation by plaintiff that he had complied with all the conditions of the policy meant such conditions as he had been required to perform. If a condition was waived he was not required to comply.

Appellant further contends that such testimony was not relevant because these letters were not written until after the time for filing the proofs had passed. But in Maryland estoppel is not a necessary element in the doctrine of waiver; certainly not to the extent that it is so regarded in some other jurisdictions. *Rokes* v. *Amazon Ins. Co.,* 51 Md. 512; *McElroy* v. *John Hancock Life Ins. Co.,* 88 Md. 137; *Mutual Life Ins. Co.* v. *Thomas,* 101 Md. 505; *Federal Mut. Fire Ins. Co.* v. *Julien,* 144 Md. 380.

"Estoppel as used in this connection, we understand to mean when the insurer, knowing that the proofs have not been furnished within time, so bears himself thereafter in relation to the contract, as fairly to lead the assured to believe that he still recognizes the policy to be in force and binding upon him." *Rokes* v. *Amazon Ins. Co., supra.*

In *McElroy* v. *John Hancock Life Ins. Co., supra,* the company wrote a letter after the time allowed for filing proofs, in which it said, "The papers in themselves we think are correct enough, but the company has decided not to recognize the claim under the policy," etc. As to that letter this Court said: "Not a word here to indicate that its refusal to pay the plaintiff was because of want of seasonable proof of death. On the contrary, the only reasonable inference to draw from this language is that without reference

to any objection based on the proof of death, it had some meritorious defense on which it intended to rely."

On this and other evidence of like character this Court held the question of waiver should have been submitted to the jury.

There was no reversible error in the rulings brought up by the first three bills of exception.

The fourth exception was to the refusal of defendant's second, fourth, fifth, sixth, seventh, eighth and ninth prayers.  Its first and third prayers were granted.  The Reporter is requested to set out in the report all of defendant's prayers.

The second and sixth prayers were fully covered by the first so far as they have any bearing on the facts of this case.

The fourth and fifth were properly refused for reasons stated in discussing the other bills of exceptions.

The eighth sought to have the court declare as a matter of law that there was a misdescription of the automobile.  The prayer was properly refused, if for no other reason, because there was sufficient evidence to take the case to the jury on that question.

Whether the information given to the purchaser by the vendor at the time of the sale, or that furnished by the records of the commissioner of motor vehicles, was admissible, it is not necessary here to decide.  That testimony came in without objection.  When so admitted it had the same effect as if legally admissible.  *Struth* v. *Deever,* 100 Md. 368.

The ninth asked for an instructed verdict on the ground that from the uncontradicted evidence the plaintiff was not, at the date of the policy or at the time of the loss, the sole and unconditional owner of the automobile.  We find no error in the refusal of this prayer.  There was enough evidence to go to the jury on this question, and it was properly submitted by defendant's first prayer.

The seventh asked for an instruction that there was no legally sufficient evidence under the pleadings to justify a verdict for the plaintiff. It follows from the previous discussion that the prayer was properly refused. It could have been granted only on the theory that there was no legally sufficient evidence of waiver by defendant of the failure by plaintiff to file proofs of loss. The other grounds of defense, if established, would have rendered the policy void *ab initio*, which would have entitled plaintiff to a verdict for the premium paid by him. *Automobile Insurance Exchange* v. *Wilson*, 144 Md.

*Judgment affirmed, with costs to appellee.*