GRANGERS' MUTUAL FIRE INSURANCE COMPANY *v.* BERTHA BLIEVE.

[No. 17, April Term, 1929.]

*Decided May 24th, 1929.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Ridgely P. Melvin* and *R. E. L. Smith,* for the appellant.

*A. Theodore Brady,* with whom was *Jerry L. Smith* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The judgment in this case was for an amount of insurance money on tobacco destroyed by fire while stored on a farm in Anne Arundel County. According to the testimony of the appellee, plaintiff below, it was all burned during the day of March 9th, 1928, while she was away from home, in Baltimore, and she had no knowledge of the cause of the fire. Having insurance in the appellant company, on a standard form of policy, the appellee, on her return home, sent a hired man to an agent of the insurer to ask what she should do first, and, after the man returned, had her daughter write a letter to the company saying, "We must notify you that the buildings and tobacco crop was burned down today, on Mr. Brady's place. We can not say when, where or how it started because nobody was at home." And in reply, she received from the company a note that they were sorry to hear about the fire, and would "send a man out to investigate the place." After

that the appellee did nothing further, sent no additional notice, and furnished no proofs of loss, but, as she says, "just waited for them to come out." In a week or two a man came to the appellee's home while she was away, and a detective from Baltimore came later, to make an investigation, but the appellee, so far as she knows, saw no adjuster or representative of the insurance company. On July 2nd, 1928, nearly four months after the fire, the appellee and the company, by its president, executed an agreement in writing that no action taken by the company in investigating the cause of fire and ascertaining the amount of loss should waive or invalidate any of the conditions of the policy or any rights of the parties. And there was no other communication between the parties. At the trial the court refused an instruction that the plaintiff could not recover.

Defense is made on several grounds, but it seems to us unnecessary to consider any but that based upon the failure to furnish the sworn proofs of loss required by the policy. That failure, we think, constitutes a breach of the conditions of the insurance which must prevent recovery.

The requirement is the familiar one that the insured shall, within sixty days after the fire, unless the time is extended, render to the company proofs of loss signed and sworn to by the insured, stating her knowledge and belief as to the time and origin of the fire, the interests in and ownership of the property, the value of each item and the amount of loss to it, incumbrances, other insurance, and other facts. And it is provided that no suit shall be sustainable until this requirement is complied with. The condition "forms part of the contract of insurance and is binding on both parties, and must be complied with," unless the insurer waives it. The court has no power to dispense with it. *Hartford Fire Ins. Co. v. Keating,* 86 Md. 130, 149; 5 *Joyce, Insurance,* sec. 3275. And we do not find any recognition of liability on behalf of the company here, any expression of willingness to proceed with the settlement of questions of liability without the sworn proofs of loss, or any representation or statement to the insured which might lead her to assume that the requirement

might be dispensed with, or to make her delay compliance. The only communication to her within the sixty days was that a man would be sent to investigate the place; and apparently one was sent within a week or two after the fire, and, beyond that point, or during the larger part of the period for furnishing the proofs, the appellee had no promise or expression of intention by the company to influence her action in any way.

It may be, as suggested at the argument, that the plaintiff expected to be instructed and guided as to performance of the conditions of her policy, but the court would have no ground for imposing an obligation on the company to do this; there is no evidence of any offer or intention to do it. We can only enforce the contract. It places a duty upon the insured and makes performance of it a condition precedent to recovery of any money under the policy. And the insured has neglected to perform it. In the opinion of this court it was error to refuse the instruction to the jury that she was not entitled to recover.

> *Judgment reversed without a new trial, with*
> *costs to the appellant.*