## FEDERAL MUTUAL INSURANCE COMPANY
## *v.* LEWIS

[No. 328, September Term, 1962.]

588

*Decided June 10, 1963.*

The cause was submitted on the brief to BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted by *Stephen R. Pagenhardt* for appellant.

Submitted by *Horace P. Whitworth, Jr.,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

The sole question presented in this appeal is whether there was sufficient evidence of waiver of proof of loss to submit the question to the jury in an action upon a fire insurance policy. In a suit on the policy the jury returned a verdict of $5,000.00.

The policy in question was secured through Kight's Insurance Service, Oakland, Maryland, in the amount of $7,000.00, covering a certain dwelling. On June 25, 1961, the

policy was endorsed with a vacancy permit, for which an additional premium was paid. On September 12, 1961, the dwelling was totally destroyed by fire. The loss was promptly reported to Kight. The policy contained a clause reading as follows:

"The insured shall give immediate written notice to this Company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs (,) actual cash value and amount of loss claimed; and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not (,) covering any of said property, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purposes any building herein described and the several parts thereof were occupied at the time of loss and whether or not if then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged. The insured, as often as may be reasonably required, shall exhibit to any person designated by this Company all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made."

The appellant raises no question as to notice of the loss. Lewis testified that Kight told him that the matter had been reported to the Company and that everything was being done that could be done, "as quick as they (have) it worked out he was assured I would be paid and it would all be taken care of." Later, an adjuster for the Company, Rudy Svetnick, called upon Lewis. Svetnick testified he did not fill out any proof of loss because "we were never able to agree on a settlement figure." He admitted that Lewis gave him the dimensions of the house and a description, gave him "figures" and told him where he had purchased materials used in repairs (Lewis was a carpenter), and the name of the person who had remodeled the bathroom. After a third visit, Svetnick testified that he told Lewis the investigation "was complete * * * and on the basis of that we did offer him a figure on this fire loss." Lewis testified that the offer was $2,500.00 but on motion, the court struck this out.

Svetnick also admitted that he told Lewis the burns on his hands would have to be "verified". When asked if this was because the Company suspected that Lewis had burned the property himself, he answered "it could be". He admitted that the Company had agreed to pay part of the loss, a definite amount. Lewis testified, Svetnick denied, that Lewis had asked for the face amount of the policy. Lewis explained that he was in Washington, where he was employed, when he burned his hands. This was on the day of the fire. At the trial, Lewis testified he paid $3,125.00 for the property, and spent $1,190.45 for materials and $651.75 for labor. These figures were verified by bills with the exception of his own labor which he estimated at $340.00.

Under the authorities cited on both sides we think there was sufficient evidence of waiver to present a jury question. It is perfectly clear that a provision for proof of loss is for the benefit of the insurer and may be waived. An offer to pay is to a certain extent an admission of liability, at least in the amount offered, and hence may support an inference of waiver. *Caledonian Fire Ins. Co. v. Traub*, 86 Md. 86, 96. Cf. *Hartford F. Ins. Co. v. Keating*, 86 Md. 130, 149. The ques-

tion of waiver is ordinarily one for the jury, and an offer of settlement, as distinguished from an offer of compromise, is admissible to the extent that it admits liability in any amount. *Pentz v. Penn. Fire Ins. Co.*, 92 Md. 444, 448. Other cases in point are *Farmers' Fire Ins. Co. v. Baker*, 94 Md. 545, 554, *Bakhaus v. Caledonian Ins. Co.*, 112 Md. 676, 683 and *Citizens' Ins. Co. v. Conowingo Co.*, 113 Md. 430, 439. Cf. *Empire State Ins. Co. v. Guerriero*, 193 Md. 506, 520. Other cases are collected in 49 A.L.R. 2d 87. See also 17 Appleman, *Insurance Law and Practice*, §§ 9847, 9856 and 7 Couch, *Insurance*, §§ 1560, 1577. *Fire Insurance Co. v. Blieve*, 157 Md. 426, relied on by the appellant, is clearly distinguishable on the facts. Mere investigation, without any recognition of liability, is not sufficient to support a theory of waiver. That is not the situation in the instant case.

*Judgment affirmed, with costs.*